## Pennsylvania Trust Co., Appellant, *v.* Schenecker et al.

*Fraudulent conveyance—Deed from son to parents—Knowledge of fraud—Creditors—Election of remedies—Act of May 21, 1921, P. L. 1045—Consideration—Value of real estate.*

1. Where a deed of real estate is made from a son to his parents, who claim to have paid a proper consideration for the property, and an ejectment is subsequently brought against them by the son's creditors to set aside the conveyance, and the issue in such suit is the value of the property, the jury is entitled to some latitude in estimating the value, especially in view of the uncertainty of real estate values and the divergence of human judgment with reference thereto.

2. If, in such case, the grantees had no knowledge of their son's intended fraud on his creditors, they were not affected thereby, either under the statute or otherwise.

3. Since the Act of May 21, 1921, P. L. 1045, a defrauded creditor has a choice of remedies, either in equity under the act, or by a sheriff's deed and an action of ejectment.

Submitted March 18, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 15, March T., 1927, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1923, No. 1471, on verdict for defendants, in case of Pennsylvania Trust Co. of Pittsburgh, trustee of estate of Charles M. Schenecker, Bankrupt, v. Charles M. Schenecker et al. Affirmed.

278 PENNA. TRUST CO., Aplnt., *v.* SCHENECKER et al.

Ejectment for real estate in Carrick Borough. Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendants: 74 Pitts. L. J. 425. Plaintiff appealed.

*Error assigned* was, inter alia, refusal of judgment for plaintiff n. o. v., quoting record.

*L. C. Barton,* for appellant.

*W. M. Ewing,* for appellees, cited: Reehling v. Byers, 94 Pa. 316; Jones v. Lewis, 148 Pa. 234; Ball v. Campbell, 134 Pa. 602.

OPINION BY MR. JUSTICE WALLING, April 18, 1927:

On December 1, 1922, Charles M. Schenecker, of Allegheny County, filed a voluntary petition in bankruptcy, in the United States District Court, and same day was adjudged a bankrupt. January 16, 1923, the Pennsylvania Trust Company of Pittsburgh was appointed trustee of his estate, and later brought this action of ejectment for the house and lot, formerly owned by the bankrupt, and known as 2265 Almont Street, Carrick Borough. The defendants, his father and mother, claimed the property by virtue of a deed to them from said Charles M. Schenecker and wife made May 6, 1922. The consideration for which was a $2,500 mortgage and a $1,200 judgment against the property, and a further $1,000 indebtedness due the parents, making in all $4,-700. The deed having preceded the bankruptcy by more than four months, it was not voidable under the federal statutes. Plaintiff contends, however, that it was fraudulent and void as against creditors under state law. Our attention is called to the Act of May 21, 1921, P. L. 1045, entitled "An act concerning fraudulent conveyances, and to make uniform the law relating thereto," which provides, inter alia, (sec. 9) that:

"Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser: [the creditor may] (a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim; or (b) Disregard the conveyance, and attach or levy execution upon the property conveyed." The other provisions of this statute do not seem applicable to the instant case. The evidence, while not conclusive, justified a finding that Charles M. Schenecker was insolvent at the time of the conveyance, and made it with a fraudulent intent. The trial judge submitted to the jury the question as to whether the purchasers paid a fair consideration and were without knowledge of the fraud at the time of the purchase. The verdict and judgment in their favor, if warranted by the evidence, settled both questions.

It is contended for plaintiff, who brought this appeal, that the finding of $4,700 as a fair consideration was not according to the evidence. We have given this question careful consideration but cannot sustain such contention. True, the only evidence directly on the question was that of two real estate dealers, each of whom estimated the value at approximately $7,500; but they never had entered the premises and the jury had the location and a description of the property,—a two-story, six-room frame house and garage, on a lot twenty-five feet wide and one hundred feet in depth. We are not satisfied the verdict, finding $4,700 a fair consideration, was such as to require the court's interference. It was a question of fact, wherein the jury were entitled to some latitude, especially in view of the uncertainty of real estate values and the divergence of human judgment with reference thereto.

There was no evidence sufficient to support a finding that the purchasers had knowledge of the vendor's intended fraud, if such it was, when they took title (although the trial judge submitted that question to the jury), hence, they were not affected thereby, either under the statute or otherwise. See Reehling v. Byers, 94 Pa. 316; Littieri v. Freda, 241 Pa. 21, 30; also Scott v. Heilager, 14 Pa. 238.

Since the act of 1921, the defrauded creditor has a choice of remedies, either in equity under that statute, or by a sheriff's sale and an action of ejectment: Sauber v. Nouskajian, 286 Pa. 449.

The case was properly submitted to the jury and the judgment is affirmed.