Shannon et al. *v.* Early F. Co. (et al., Aplnt.).

Argued January 29, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Stanley F. Coar,* with him *David J. Reedy,* for appellants.—Under the pleadings, the court was without authority to grant the relief ordered: Horton's App., 13 Pa. 66; Thomas v. Ellmaker, 1 Parsons 98; Eddy v. Boro., 281 Pa. 4; Luther v. Luther, 216 Pa. 1; Spangler Brewing Co. v. McHenry, 242 Pa. 522; Reilly v. Magee, 272 Pa. 406; King v. Trust Co., 278 Pa. 141; Modern Baking Co. v. Orringer, 271 Pa. 152.

The finding of the court that the salary ordered returned had not been earned is not supported by the evidence: Penna. Knitting Mills v. Bayard, 287 Pa. 216.

The complainants were estopped from receiving any relief: Spangler Brewing Co. v. McHenry, 242 Pa. 522; Hochman v. Finance Corp., 289 Pa. 260; Rafferty v. Donnelly, 197 Pa. 423.

*J. H. Price,* with him *S. B.* and *C. B. Price,* for appellees.—Under a prayer for general relief plaintiff is entitled to such relief as is agreeable to the case made in the bill, though different from the specific relief prayed for: Slemmer's App., 58 Pa. 155; Cumberland Valley R. R. v. R. R., 177 Pa. 519.

The voting of such salary must be entirely free from fraud, actual or constructive: Russell v. Patterson Co., 232 Pa. 113; Schaffhauser v. Brewing Co., 218 Pa. 301.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 18, 1929:

The four plaintiffs, T. A. Shannon, J. J. O'Connor, V. J. Early and J. W. Early, minority stockholders of the Early Foundry Company, filed a bill in equity against that corporation and Anna E. Early, "secretary, director and stockholder," (hereinafter designated as "defendant") and John F. Grier, "president, director and stockholder," praying for the appointment of a receiver, the winding up of the corporation's affairs and the dis-

tribution of its assets; and that, in the meantime, an injunction should issue to restrain the individual defendants and others connected with the company from interfering with its management; general relief also was asked. None of the specific prayers was granted, but, under the prayer for general relief, the court below decreed that defendant should pay back to the corporation certain salaries drawn by her as its secretary; and she has appealed.

The bill averred, inter alia, that the corporation had fourteen stockholders, defendant owning a little more than one-half of the entire capital stock, plaintiff J. W. Early about one-fifth, and the balance being distributed among others named; that the majority of the stock was originally owned by John P. Early, the founder of the company, who was the brother of plaintiff J. W. Early and the husband of defendant, and who, until his death in 1926, controlled the corporation; that John P. Early bequeathed his stock to defendant, and friction as to the company's management then arose between her and the four plaintiffs, who at that time were directors of the corporation. Plaintiff J. W. Early occupied also an executive position in the management of the corporation, he having been assistant to John P. Early during the latter's lifetime. Plaintiffs further averred that John P. Early had drawn a salary, as manager, of $150 a week, and that, after his death, "in order to help Mrs. Early," she was paid $250 a month "as secretary"; that, at a later date, after a new board of directors had been elected, her salary was fixed at $150 a week. The total of this last mentioned salary is the amount in controversy.

After admitting the formal averments of the bill as to the ownership of stock, etc., and denying several of its averments concerning the management of the corporation (issues that dropped out of the case at the time of trial, and which are not mentioned in the chancellor's adjudication), the answer denies that any salary was

ever voted to defendant on a basis other than as compensation for the office of secretary of the corporation. In this connection, she averred that the old board of directors, of which three of the plaintiffs were members, had at first given her $150 a week, and, in November, 1926, they voted her a salary of $90 a week; that, in May, 1927, the new board, of which she was a member, passed a resolution "authorizing the said Anna E. Early to adjust salaries," in pursuance of which she thereafter received $150 a week. Finally, on the point of compensation paid to defendant, the answer contains the following paragraph: "If the court should be of the opinion that the board of directors in voting to her, for acting as secretary, the same salary which the former board ......, of which three of the plaintiffs, Joseph W. Early, Thomas J. Shannon and J. J. O'Connor, were members, is unreasonable, that she is ready and willing to have the court fix her salary at the $90.00 per week which was fixed by the said directors at the meeting in November, 1926, and of which no complaint has been made, and to do such other things as to the court may seem just and proper so as to best effectuate the carrying out of the charter purposes of the said company, and to make the same a success"; then, at the trial, defendant was asked by her counsel: "If the court should feel, ......because of the law or any other reason, that [your] salary should be reduced and an injunction issued to restrain you from taking that salary and fixing it at any sum which to the court would appear reasonable in view of the testimony in this case, would you be satisfied with that?" to which she answered, "Yes."

Both sides, by their pleadings and in their proofs, having made a case which principally revolved around the question of the propriety of the salary paid to defendant, and she having, both by her answer and in her evidence, expressly stated a willingness that the chancellor should fix the compensation to which she was justly entitled, appellant is not now in a position to suggest, as

she does, that, since the bill contains no specific prayer for such relief, the court could not grant it.

While no relief may be granted in equity which is not "agreeable to the case made by the bill" (Slemmer's App., 58 Pa. 155, 167; Cumberland V. R. R. Co. v. Gettysburg, etc., R. R. Co., 177 Pa. 519, 544), and "consistent with the relief [specially] prayed for" (Eddy v. Ashley Boro., 281 Pa. 4, 6), yet in a situation like the present, where both bill and answer deal with the particular matter in hand, it may be acted on as within the prayer for general relief if the subject is one over which the court has jurisdiction.

The by-laws of the corporation explicitly provide that the board of directors "shall determine the salary to be paid the president, vice-president, secretary and treasurer." Mrs. Early and her brother, John F. Grier, who is the second member of the present board and president of the company, had no power to depart from this law of the corporation, and, by resolution authorize her, as they did, to fix her own salary; particularly in the absence of the plaintiff J. W. Early, the third and only other member of the board. Any fixing of salaries had to be done by the board, and not by an individual member of that body, who, as an interested official of the corporation, would personally profit by the readjustment of compensation. This, in itself, is sufficient to warrant setting aside the compensation of $150 per week paid to defendant, following such readjustment of salaries. Here, however, the record shows no request for a surcharge to that extent, and apparently even the plaintiffs agreed that Mrs. Early was entitled to a proper salary.

In Sotter v. Coatesville Boiler Works, 257 Pa. 411, 422, we held: "Where a board of directors votes excessive salaries to certain of its members [as] officers ......of the corporation......, when called in question by a minority stockholder, the action of the board is subject to review by a court in equity, and, if the finding of the latter tribunal is that the salaries in question are

*exorbitant*, [the italics are ours]it may determine the value of the services rendered by the officers or employees in question and restrain the corporation from paying in excess thereof......[but], generally speaking, in cases of this character, a court of equity may deal only with the facts presently before it, and thus determine the reasonable compensation actually earned," that is, earned in the past, and not "the value of services to be rendered in the future." See also Lowman v. Pierce Co., 276 Pa. 382, 386; Browne v. Maxwell, 288 Pa. 398, 404. In the case now before us, we do not rely on the general principles above quoted, because, both in defendant's answer and at trial, she expressly submitted the question of her salary to the chancellor for adjustment.

The adjudication filed by the court below briefly states only a few facts, among which no finding appears as to the services performed by defendant; although there is evidence on the record, from both sides to this controversy, that, from the time of the death of her husband to the date of the trial, she had been acting as secretary for the corporation. The chancellor, feeling, as he did, that the services rendered by Mrs. Early did not justify the compensation drawn by her,—that her salary was exorbitant,—should have found as a fact to what extent it was exorbitant; and, instead of ordering her to "return forthwith to the treasury of the Early Foundry Company the amounts taken by her as salary from June 1, 1927," he should have directed that she return so much of these moneys as represented the excess over proper compensation. In determining this question, the fact that the board of directors, composed in part of the present plaintiffs, in November, 1926, voted appellant a salary of $90 a week would have to be taken into account, and unless it appears that this represented a plain abuse of power, harmful to the corporation, and therefore to the minority stockholders, no court should undertake to

interfere with the decision of the managers of the corporation.

The court below did not surcharge defendant with any salary paid her before June 1, 1927, evidently because three of the plaintiffs were at that time on the board of directors which voted those salaries to her, and the other plaintiff had acquiesced therein; hence they were not in a position to question such payments. We agree with the court below that this did not necessarily "estop" plaintiffs "from objecting" when defendant overturned their management, and a new board of directors, of which she was a member, permitted her to draw a higher salary than she had immediately theretofore been paid; but we agree also that the chancellor correctly confined his consideration of plaintiff's objection to the salary drawn by defendant after the action of the new board, and in this plaintiffs apparently acquiesce, since they have not appealed.

The compensation to be paid corporation officers is ordinarily a matter for decision by the board of directors, and not by the courts, but both plaintiff and defendant having, either in effect or expressly, asked for the judicial adjustment of the latter's past salary, and the court having entered upon the consideration of that subject, it ought to have completed the task in the manner already indicated. While the cases are rare in which a court should interfere in a matter of corporate management such as is here involved, yet, when a situation of this kind is taken in hand, it must be disposed of with minute care. Moreover, when a matter such is adjusted, it must appear that the chancellor has not merely substituted his judgment for that of the legally constituted managers of the corporation on a state of facts as to which it is reasonably conceivable that there might be a difference of opinion,—in all such cases, the record must also show that the managers have been guilty of an abuse of power, harmful to the corporation and therefore to the minority stockholders; in short, that a posi-

tive wrong has been found, which, so far as possible under the circumstances, the chancellor has endeavored to cure with equal justice to all concerned.

We may add, in conclusion, that it is to be hoped defendant, the majority stockholder, will continue the conciliatory spirit manifest in these proceedings by her expressed willingness to have the salary of $150 per week, which she has lately drawn, readjusted to what, under the circumstances, would be proper compensation, and that, from now on, she will constantly keep in mind, not solely her own interests, but also the general welfare of the corporation and the rights of the minority stockholders. Both parties, having had their day in court, should now endeavor to harmonize their differences before they destroy the valuable property in which they are mutually interested.

The decree of the court below is reversed and the record is remitted with directions that the case be disposed of in accord with the views here expressed; costs to be paid by defendant corporation.