## Quillen v. Gibson.

*Daniel B. Strickler,* for rule; *Fred. S. Miller,* contra.

GROFF, J., April 13, 1929.—This is a rule to strike off the levy made by the Sheriff of Lancaster County, pursuant to an execution issued upon a judgment obtained by the plaintiff, W. D. Quillen, against H. C. Gibson. On this execution, certain real estate owned by H. C. Gibson and his wife, Mabel A. Gibson, was levied upon.

The facts in this case are as follows: The plaintiff, W. D. Quillen, is a resident of the State of Virginia. The defendant, H. C. Gibson, was formerly a resident of that state, but now resides in Little Britain Township, Lancaster County, Pennsylvania. On Oct. 13, 1924, there was entered in the Circuit

Court of Loudoun County, Virginia, a judgment against the defendant, and in favor of the plaintiff, for the sum of $1000, with interest from April 20, 1924, plus 10 per cent. thereof as attorney fees and $8.42 as costs.

This was afterwards properly authenticated by the Clerk of the Court of Loudoun County, Virginia, and transmitted to Lancaster County, where a suit was brought upon the same to March Term, 1928, No. 16, and judgment was obtained thereon on April 2, 1928, for $1370.87. It was on that judgment that execution was issued and the levy made, which we are now asked to strike off.

It seems that, on April 13, 1926, H. C. Gibson and C. A. Cowden each purchased an undivided one-half interest in a tract of land containing 188 acres and 171 perches in Little Britain Township, Lancaster County, Pennsylvania, for which they received a deed on April 13, 1926, from John Jackson and wife and A. G. Fritz and wife, which deed is recorded in the Recorder's Office of Lancaster County, in Deed Book "A," volume 28, at page 493.

H. C. Gibson and Mabel A. Gibson, his wife, for a consideration of $1, conveyed their undivided one-half interest in the said premises to Walter Wright, by deed dated Nov. 18, 1927, and recorded in the Recorder's Office of Lancaster County, on Nov. 25, 1927, in Deed Book "W," volume 28, at page 384.

Walter Wright and Mabel E. Wright, his wife, for a consideration of $1, reconveyed the said undivided one-half interest in the said premises to H. C. Gibson and Mabel A. Gibson, by their deed dated Nov. 25, 1927, which deed is recorded in the recorder's office aforesaid on the same day, in Deed Book "W," volume 28, at page 383.

H. C. Gibson and Mabel A. Gibson, his wife, on March 31, 1928, acquired title to the other undivided one-half interest in the 188 acres of land by deed from C. A. Cowden and wife.

The defendant asks to have the levy stricken off, for the reason that the property was owned jointly by him and his wife. The contention of the plaintiff is that the conveyance to Walter Wright by H. C. Gibson and wife, and the reconveyance by Walter Wright and wife to H. C. Gibson and Mabel A. Gibson was made to defraud the creditors of H. C. Gibson.

Section 4 of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, says: "Every conveyance made, and every obligation incurred, by a person who is or will be thereby rendered insolvent is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration."

And section 9 of the said act says as follows:

"Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser:

"(a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim; or

"(b) Disregard the conveyance, and attach or levy execution upon the property conveyed."

It, therefore, follows that if H. C. Gibson conveyed his property to Walter Wright without a consideration, and Walter Wright reconveyed it to H. C. Gibson and wife without consideration, and thereby rendered himself insolvent, such conveyance was void as to Quillen, without regard to Gibson's intention.

From the depositions taken, there is no question about Gibson having had knowledge of the judgment held against him by Quillen at the time he made

the conveyance to Wright, and at the time the conveyance was made by Wright back to Gibson and his wife.

The Supreme Court of Pennsylvania, in the case of Sauber v. Nouskajian et ux., 286 Pa. 449, says:

"Prior to the Act of May 21, 1921, P. L. 1045, the exclusive way to test the question of whether real property has been conveyed in fraud of creditors was for one claiming to be a creditor to obtain a judgment and issue execution against the premises in question as the property of his debtor, this to be followed by an ejectment at the suit of the purchaser at sheriff's sale.

"The Act of 1921 gave an additional remedy in equity by which the creditor might have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim."

And, again, the same Court, speaking through Mr. Justice Walling, in Pennsylvania Trust Co. v. Schenecker et al., 289 Pa. 277, 280, said: "Since the Act of 1921, the defrauded creditor has a choice of remedies, either in equity under that statute (referring to the Statute of 1921, P. L. 1045) or by a sheriff's sale and an action of ejectment."

The plaintiff in this execution has elected to pursue the second of these remedies, and we can see no reason why the levy should be stricken off.

His Honor, Judge Landis, in a very carefully considered opinion, in the case of Zook v. Shirk, 41 Lanc. Law Rev. 385, 12 D. & C. 322, has referred to the cases prior to the Act of 1921 to justify a proceeding such as the plaintiff has chosen in this case to test the validity of a conveyance.

We, therefore, discharge the rule to strike off the levy.

From George Ross Eshleman, Lancaster, Pa.