Magen, Appellant, *v.* Neiman et al.

Argued May 27, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

166

*Edmund R. Finegan*, with him *William Ginsburg* and *Saul, Ewing, Remick & Saul*, for appellant.—It has always been held in Pennsylvania that the statute of frauds applied to equitable estates in land: Gratz v. Gratz, 4 Rawle 410; Murphy v. Hubert, 7 Pa. 420; Boyce v. M'Culloch, 3 W. & S. 429; Brownfield v. Brownfield, 151 Pa. 565.

A purchaser from an individual or a creditor of an individual is entitled to rely upon the title apparently created by a recorded deed, and, therefore, a purchaser from an individual cannot be prejudiced if in fact the property became an asset of the partnership: Hale v. Henrie, 2 Watts 143; Salter v. Acker, 62 Pa. Superior Ct. 207.

*Charles J. Weiss*, with him *Henry Wessel, Jr.*, and *Jerome Bennett*, for appellees.—It has been repeatedly held that a written agreement concerning real estate may be rescinded by parol; that an equity under written articles may be released by parol; that an equitable interest in land may be waived by parol, so as to put it out of the power of the holder to obtain the interposition of a chancellor in his behalf: Boyce v. M'Culloch, 3 W. & S. 429; Dayton v. Newman, 19 Pa. 194; Kline's App., 39 Pa. 463.

Where real estate is purchased under a partnership, or as a joint adventure, it is considered as personalty,

and the statute of frauds does not apply: Davis v. Hillman, 288 Pa. 16; Edgcomb v. Clough, 275 Pa. 90.

*D. Arthur Magaziner,* with him *Clinton O. Mayer,* for Abraham Margulis et al., appellees.

OPINION BY MR. JUSTICE SADLER, June 21, 1930:

Magen, the plaintiff, filed this bill against Neiman, Dubison and Margulis, claiming to be the holder of one-fourth interest in certain realty by virtue of a declaration of trust executed by the first named defendant, which property was subsequently conveyed to the second, and by him on the same day to the third. He asked that the deed to the latter be declared null and void and that Neiman be compelled to account to him as the owner of a one-fourth interest in the land. No preliminary objection was made on the ground that an adequate remedy at law existed, if the rights asserted were legally enforceable, as required by the Act of June 7, 1907, P. L. 440 (Bank of Pittsburgh v. Purcell, 286 Pa. 114), and the case proceeded to hearing. It is now too late to raise the question of jurisdiction in equity, and we must determine whether Magen produced testimony entitling him to the relief prayed for.

The facts found by the court, based on sufficient evidence, disclose the following situation: Neiman and one Pogach, now deceased, were, in 1925, partners, engaged in the real estate business, a fact well known at that time to Magen. On October 7th, they purchased certain property from Slominsky, the deed for which was duly recorded. The grantees were named as individuals, but the purchase price was paid with the firm's funds, and the land became in reality a partnership asset: Davis v. Hillman, 288 Pa. 16. An innocent purchaser, later acquiring an interest therein, had the right to rely on the record, which indicated the parties were tenants in common, but the rule is otherwise where, as here, there was actual notice of the firm's ownership (Erwin's App., 39 Pa. 535), a distinction recognized in Cundey v. Hall,

208 Pa. 335, 339, a leading case frequently cited when the rights of parties under deeds so drawn are in question.

During February, 1926, Neiman, without the joinder of his wife, executed a written declaration of trust to Magen for one-half of his interest in the real estate, amounting to one-fourth of the entirety, for the sum of $3,182.07, but this paper was never recorded. Later, on July 11, 1927, the entire tract, with another parcel not involved in this proceeding, was conveyed by Neiman individually and as surviving partner of the firm, Pogach having in the meantime died, to Margulis, through the nominee of the latter, Dubison, a strawman, for the sum of $160,000, less a commission of $5,000. A settlement was made by the grantee with the full knowledge of Magen, and the deed recorded. The purchaser had no knowledge of the outstanding declaration of trust signed by Neiman, and its holder, the present plaintiff, though aware of the contemplated sale, made no objection to the transfer to Dubison, who thereafter conveyed to Margulis. Magen was within reach at the time of closing the transaction, and was advised that a check had been drawn to the firm for the balance due after provision for the outstanding liens. He knew this had been endorsed by the representatives of the firm and handed to Margulis, in part payment of an outstanding claim held by him. Plaintiff made no complaint of the sale until a year after the deeds referred to had been recorded. Admittedly, the purchasers were in entire ignorance of the existence of the unrecorded declaration of trust, and the beneficiary therein therefore had no claim by virtue of Neiman's writing purporting to transfer to him an undivided interest in the lands: Salvation Army v. Lawson, 293 Pa. 459; Smith v. Miller, 296 Pa. 340; Meehan v. Williams, 48 Pa. 238.

No relief could be granted against the two defendants named, and the deeds, taken in good faith, for a valuable consideration, cannot be declared null and void as

prayed for. It was conceded by the plaintiff in the court below that a decree should be entered in their favor. On no other ground was relief sought as against them, nor was there any suggestion of a change of attitude by plaintiff in this respect set forth in the statement of questions intended to be argued, filed in the court below. On this appeal, however, a new theory is propounded, based on the fact that Margulis agreed to pay to Neiman a share of the profits which might be secured on a resale, in consideration of his services in effecting it, and it is therefore now urged that an injunction should have been awarded against Margulis to restrain him from making payment of any sum which the latter may earn, if such a transaction is consummated. It is insisted Magen, by reason of the declaration of trust, will become entitled to a share of any moneys which Neiman, through his efforts as sales agent, may receive. Such decree was not asked in the bill filed, nor was the case tried on the theory of the existence of any such right. It is too late to demand it here for the first time, even if it had merit (Prenzel v. Apex Hosiery Co., 299 Pa. 17; Luther v. Luther, 216 Pa. 1; Linck v. Plankenhorn, 286 Pa. 319), though under the findings made it has none. Our view is not altered by a consideration of Shannon v. Early F. Co., 296 Pa. 141, relied on by appellants, and the bill was properly dismissed as to both Margulis and Dubison.

A different question arises as to the first defendant, who was asked to account for the value of one-fourth of the property in question, as well as for profits he might receive for his personal services if able to resell the property for Margulis at a profit. Magen's rights rest on the unrecorded written declaration of trust, executed by Neiman in 1926. It referred to property acquired by the partnership, of which he was a member, a fact known by plaintiff at the time. The deed named Neiman and Pogach as grantees, and if the recorded title alone had been depended on, the transferee would have had the

right to believe they held as tenants in common. The court found that the firm was engaged "in operative building and the buying and selling of real estate," when it took title in 1925, and the evidence shows Magen knew the land was purchased with partnership funds, thus constituting it a part of the firm's assets: Act of March 26, 1915, P. L. 18. The property was occupied and used by the partnership until its sale in 1927. Appellant, in attempting to explain the failure of Mrs. Neiman to sign the declaration of trust, takes the position, at one point, that the property was at that time treated as a firm asset, for he states in his brief, (page 29), "Since the real estate was partnership property, Jennie Neiman had no dower interest in it."

The dispute as to the real character of the holding by Neiman and Pogach becomes important because of the evidence which shows that Magen surrendered any claim he had, based on the paper of 1926, by agreeing to the cancellation of his rights in consideration of the promise by Neiman to repay the sum advanced. The court found, on what we believe sufficient evidence, that such an understanding was reached, and that two payments amounting to $1,500 have already been made and received in part satisfaction of the total sum of $3,182.07, which sum Neiman agreed to pay and Magen to accept in full release of his demand acquired by the writing referred to. If this was a mere assignment of a fourth interest in the partnership, it was a right to personalty, and the agreement to release was clearly binding, though the promisor would be personally liable for the unpaid balance of $1,682.07, for such an interest could be transferred by parol. The court here found that it was so released. This is supported not only by the evidence of the parties, but the attending circumstances proven. The property was largely encumbered, and additional sums were required to pay interest on the mortgages, taxes and improvements, and Magen was unable to furnish the further funds needed, though called upon to

make the necessary advances. It also appeared that though he knew of the negotiations for the sale of the realty in which he now claims to have an interest, and was present at the settlement, yet made no objection to the transfer of the title to Margulis, nor asserted the existence of any right therein at the time, or for a year after the deed was recorded.

It is earnestly contended, however, that the declaration of trust, unrecorded, and executed alone by the husband, effectively transferred the one-fourth interest in the land in question, and the holder is entitled to an accounting for its net value, as well as to a share of any profit which Neiman may earn if he resells the land at a profit, on behalf of the record owner. There would be force in this argument if Magen had not released and surrendered his rights to Neiman, upon the agreement of the latter to repay the money advanced, which understanding has been partly executed. It is urged that the equitable interest acquired in the land could not legally be retransferred by parol, because of the statute of frauds: Act of March 21, 1772, section 1, 1 Sm. L. 389, as amplified by the Act of April 22, 1856, P. L. 533, section 4.

Assuming that we are dealing with realty, rather than a personal interest in a partnership, we are still of the opinion that the waiver and surrender of Magen's claim was properly proven. It may be conceded that equitable interests in land can be conveyed only in writing (Murphy v. Hubert, 7 Pa. 420), but they may be given up if some unequivocal act, showing such purpose, appears, as by performance in whole or in part: Brownfield's Exrs. v. Brownfield, 151 Pa. 565. The power to so surrender has been recognized where executory contracts to convey are involved (Boyce v. M'Culloch, 3 W. & S. 429), and the same conclusion is reached where no possession had been taken by the one acquiring an equitable interest: Dayton v. Newman, 19 Pa. 194; Garver v. McNulty, 39 Pa. 473.

Appellant suggests that the rights of Magen could have been released had the original writing been returned, but this naturally would not have occurred until the balance of $1,682.07 was paid. Here, testimony showed an agreement to release, two payments on account, the known sale of the property to an innocent third person without claim of any right therein, and no assertion of any interest until more than a year thereafter. As said in Brownfield's Exrs. v. Brownfield, supra, "Where a contract may be surrendered by parol, the conduct of the parties may be quite as significant of their intention as any words they might use." A distinction is to be drawn between a waiver and discharge of an interest in land, shown by a contract of sale, or, as in this case, a holding of an interest therein for another, and a repurchase. In the latter case a writing is required to satisfy the statute of frauds. Where, however, the cestui que trust has never had possession, and accepted, in whole or in part, the consideration for a surrender of his rights, he cannot thereafter claim specific performance of his agreement, as here attempted: Grove v. Donaldson, 15 Pa. 128.

Treating the right covered by the trust agreement as partnership property, and therefore personalty, there can be no question as to Mangen's power to surrender his interest by parol. We reach the same conclusion if it be considered as equitable interest in land, under the circumstances here presented. The court justifiably held he released whatever right he possessed for a specific sum, of which practically one-half has been paid, and a definite amount is fixed as remaining due. There is therefore no necessity for an accounting, unless Neiman is legally under obligation to give plaintiff a portion of the profits he may in the future earn, if he effects a profitable sale for Margulis. Any such right was waived by Magen's parol surrender of all interest in his bargain, evidenced by the declaration of trust.

The decree of the court below is affirmed at the cost of appellant.