Wyoming National Bank of Wilkes-Barre,
Trustee, *v.* Stookey et ux., Appellants.

Argued April 11, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Donald O. Coughlin,* with him *E. Walter Samuel* and *Donald S. Mills,* for appellants.

*Neil Chrisman,* with him *Charles H. Miner, Jr.,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 9, 1938:

This is a bill in equity brought to declare a lease void as a fraudulent conveyance. It brings before us this situation: Defendant, George E. Stookey, was indebted to plaintiff bank in the sum of $15,000. He was the owner of the property here in question. While so indebted, he, on November 8, 1926, entered into a written lease with the other defendant, Emma U. Stookey, who is his mother, for the term of twenty years from the date named, and so long thereafter as she may live, at an annual rent of one dollar, with a provision that if she did not survive the term of twenty years, the lease should become the property of the lessor and his wife jointly. The learned chancellor found that George E. Stookey was insolvent when the lease was made, that therefore it was a fraudulent conveyance as to plaintiff, who had

acquired title at sheriff's sale resulting from an execution on a judgment which it held against George E. Stookey, and by decree directed defendants within sixty days to deliver possession of the premises to plaintiff. Defendants appeal from this decree.

Appellants raise these questions: (1) That there was an oral lease or agreement entered into between George E. Stookey and his mother and father before his indebtedness to the bank arose, under which the father and mother had the right to occupy the property for life, that the father had died and she had been continuously in possession of the house on the property since her son built it in 1925, that her possession was notice to plaintiff, that her husband had contributed $1,200 to the building of the house, which was the consideration for the oral agreement, and, by virtue of this agreement, the written lease and her possession, she is entitled to remain in occupancy of the property for life, or (2) that she is entitled to retain possession until the $1,200 is returned to her; (3) that the court was without jurisdiction in equity.

Appellants set up the alleged oral lease or agreement for possession of the property by the mother as their main defense. It must be so because, admittedly, the indebtedness of the son to the plaintiff bank was incurred prior to the written lease. What appellants seek to do is to tack the oral lease onto the written one and thus to give the mother standing to claim continuing possession from the time of the oral lease, because she was in possession under it before the debt was incurred and inquiry would have developed her possessory rights. No claim was made by her in the answer filed to any rights under an oral lease. Both answers referred exclusively to the written one. After the trial was in progress, an attempt was made to introduce testimony to the effect that, shortly after the residence was completed, it was agreed by the son that his parents should remain during their respective lives. Counsel for appellants

realized that evidence of the alleged oral agreement was inadmissible under the pleadings and moved to amend the answers. The Chancellor heard the evidence with the distinct understanding and ruling that amendments to make it competent would be made in writing and filed. No written amendments were filed and therefore under Equity Rules 7 and 9 the evidence was not receivable. For this reason it might well be determined that appellants did not show anything warranting the mother's claim of a right to possession. But passing this defect over, nothing appeared which would justify her claim. The testimony as to the alleged oral agreement was vague and unconvincing. At most it amounts to an indefinite statement by the son that his father and mother could stay in the property while they lived. The court did not find that an oral lease was entered into between appellants.

Emma U. Stookey claims, under section 9(2) of the Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, 39 PS Sec. 359, which provides: "A purchaser who without actual fraudulent intent has given less than a fair consideration for the conveyance or obligation, may retain the property or obligation as security for repayment," that she is entitled to be paid the $1,200, which it is claimed her husband advanced to the son. This contention was most satisfactorily disposed of by the learned Chancellor when he said that even if the advancement to Stookey by his father is to be considered as part consideration for the lease, then the retention of the premises by the mother until the present time, more than ten years and a half, without the payment of rental (Stookey himself fixed the rental value of the property at $35 per month) would aggregate a sum far in excess of the amount of the advancement and that she is without equity to claim such sum as a condition to giving up the property. Under the circumstances here appearing, such a claim could not be sustained.

The court had jurisdiction in equity. Appellants contend that because appellee issued execution against George E. Stookey, sold the property at sheriff's sale and secured a deed from the sheriff, it elected to proceed at law, and therefore must test the possession of Emma U. Stookey by an action of ejectment, citing *Penna. Trust Co. v. Schenecker*, 289 Pa. 277, 137 A. 272. All that case decides is that since the Fraudulent Conveyance Act the defrauded creditor has a choice of remedies, either in equity under that statute or by a sheriff's sale and an action of ejectment. Here there was no challenge in proper time and manner in the court below of appellee's right to proceed as it did. The answers filed by appellants related exclusively to the merits of the case. Neither questioned the jurisdiction of the court by averring that appellee's remedy was by ejectment. The attempt now to raise the question is too late, it should have been raised in the answers or by demurrer, explicitly so stating. Section 1 of the Act of June 7, 1907, P. L. 440, 12 PS Sec. 1227, so provides: "When a bill in equity has been filed in any court of this Commonwealth, if the defendant desires to question the jurisdiction of the court, upon the ground that the suit should have been at law, he must do so by demurrer or answer, explicitly so stating, . . . otherwise, the right of trial by jury shall be deemed to have been waived by both parties, and the cause shall proceed to a final determination by said court and upon appeal, with the same effect as if upon a hearing before the court, without a jury, upon agreement filed. . . ." For our construction of this provision of the act, see *Wright v. Barber*, 270 Pa. 186, 113 A. 200; *Fidelity-Phila. Trust Co. v. Simpson*, 293 Pa. 577, 143 A. 202; *Magen v. Neiman*, 301 Pa. 164, 151 A. 796.

The decree is affirmed at appellants' cost.