## Hauser et al. v. Hambersky et al.

*Rudolph Lynch*, for plaintiffs.

*Carroll Caruthers*, for defendants.

BAUER, J., January 31, 1950.—Plaintiffs, as creditors of defendant, Eugene G. Hambersky, filed this bill in equity seeking injunctive relief to prevent the property of defendant, Eugene Hambersky, from being sold at sheriff's sale or otherwise alienated or encumbered, claiming that Hambersky's real estate is the one asset to which plaintiffs can look for the recovery of money due them for building Hambersky's house.

Defendant Hambersky and defendant Carroll Caruthers were served with the bill. Defendant Roy Broaddus was not served with the bill. Preliminary objections have been filed on behalf of defendants, Eugene Hambersky and Carroll Caruthers.

The following appears from the bill in equity:

Eugene Hambersky, on August 21, 1947, entered into a contract with plaintiffs, trading as Hauser Bros., for the construction by plaintiffs of an eight-roomed case brick house with all conveniences, for the sum of $10,700, to be erected on a lot in Unity Township, Westmoreland County, Pa., described in paragraph 2 of the bill of complaint. Plaintiffs performed the con-

tract, furnishing everything but the plumbing, and aver that defendant, Eugene Hambersky, has neglected and refused to pay them the balance due on the contract of $7,650. Suit was entered for the recovery of the balance at May term, 1949, no. 233, which suit is listed for trial at the February term, 1950. Plaintiffs relied on defendant's promise to pay the contract price and did not enter a mechanic's lien for their claim and were under the necessity of entering a suit at law.

One Charles Lietka entered a mechanic's lien for his claim at M. L. D., 15315, against defendant Eugene Hambersky alias dictus Eugene G. Hambersky, for labor performed and materials furnished, which lien was reduced to judgment at August term, 1948, no. 735. An execution was issued sur said judgment at November term, 1949, no. 70, a sheriff's sale being scheduled for November 18, 1949, at 11 a. m. Previously, on November 10, 1949, the judgment was assigned to Carroll Caruthers.

If a sheriff's sale is permitted to take place on the judgment for $1,141.98, in which Carroll Caruthers is use plaintiff, the Hausers, who furnished everything in the erection of the building except that furnished by Caruthers' assignor, Charles Lietka, will unquestionably be deprived of an opportunity to procure a lien for their work and materials. In like manner, if defendant Hambersky is permitted to encumber the property or convey the same by deed, plaintiffs, Hauser Bros., will be deprived of their security. Technical objections should not stand in the way of this court, in the exercise of its equitable powers, entering such order as will permit of justice being done under the facts here presented. It would be a rank injustice to deprive plaintiffs, with a claim of $7,650, an opportunity to secure a lien on this house and lot. It may be inferred from the facts here presented that a scheme has been on foot to place the real estate beyond the

reach of plaintiffs, and, in turn, leave plaintiffs forever unpaid. A delay in the sheriff's sale will cause no permanent harm to any one, nor would it prejudice the rights of the lien creditor. He has a first lien, and the property is certainly valuable enough to take care of his claim.

A court of equity will not interfere in a case of this kind when the rights of the lien creditor would be prejudiced, but such is not the situation in the case now before us.

There is no averment in the bill that defendant Roy Broaddus has anything to do with the judgment of which Carroll Caruthers is the assignee, or that he has any judgment against defendant Hambersky, or that any action of his might imperil plaintiffs' position. Broaddus has not been served. The bill must be dismissed as to Broaddus.

It seems apparent to the court that a prayer for equitable relief under the facts as here set forth should be granted.

The docket entries show that the bill was filed November 19, 1949, and that on November 30, 1949, the answers raising preliminary objections to the bill, under Equity Rule 48, were filed. Under Equity Rule 49 plaintiffs would have 10 days in which to amend their bill; then if this bill was not amended, respondents within 10 days could order this case upon the argument list for hearing. While this case was listed on the argument list for December 19, 1949, it is apparent from the record that respondents did not order it upon the argument list, as required under Equity Rule 49. This rule is mandatory. The objections filed being technical, we call counsel's attention to the fact that they have not followed the rules as laid down by our Supreme Court, namely rule 49.

Under these circumstances it would be necessary for the court to send this matter back for plaintiffs

to amend their bill, if they so see fit, and for respondents to proceed under the mandatory provisions of rule 49.

Counsel for defendants, in their brief, rely almost entirely upon the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, 39 PS §360, and 13 Elizabeth, ch. 5, sec. 2, Rob. Dig. 295; Jordan v. Lewis, et al., 20 D. & C. 177; First National Bank of Mocanaqua v. DeMartin et ux., 28 Luz. 266, Wyoming National Bank of Wilkes-Barre, v. Stookey, et ux., 330 Pa. 324.

It is also well to note that every fact alleged in the bill must be accepted as true where preliminary objections have been filed.

Now, January 31, 1950, after argument and after due and careful consideration, it is ordered, adjudged and decreed as follows:

1. That the bill of complaint be dismissed as to defendant Roy Broaddus, without prejudice to plaintiffs to amend their bill and ask leave of court to reinstate him as a party defendant.

2. That the preliminary objections filed in behalf of defendant Carroll Caruthers and defendant Eugene Hambersky, alias dictus Eugene G. Hambersky, be and the same are hereby dismissed.

3. That a preliminary injunction issue restraining defendant Carroll Caruthers and his assignee or assignees, if any, from proceeding with any execution sur judgment at August term, 1948, no. 735, pending the disposition of the assumpsit action at May term, 1949, no. 233, in which plaintiffs herein are plaintiffs, and Eugene Hambersky is defendant; and enjoining and restraining defendant Eugene Hambersky, alias dictus Eugene G. Hambersky, from alienating, or conveying or encumbering the real estate, described in paragraph 2 of the bill of complaint, pending the disposition of the assumpsit action at May term, 1949,

no. 233, in which plaintiffs herein are plaintiffs, and Eugene Hambersky is defendant.

It is further ordered that a motion for the continuance or dissolution of the foregoing injunction will be heard by this court on Monday, March 20, 1950.

The plaintiffs are directed to enter into bond, to be approved by the Court, in the sum of Two Thousand ($2000.00) Dollars.