Berger, Appellant, *v.* Weightman.

Argued October 5, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

reargument re-fused February 10, 1954.

*Samuel J. Goldstein*, with him *Wm. M. Kahanowitz*, for appellant.

*Fred B. Trescher*, with him *Kunkle & Trescher*, for appellee.

OPINION BY MR. JUSTICE BELL, January 4, 1954:

The opinion of the Court en banc (four judges sitting with one judge dissenting) by Judge George H. McWherter, so clearly states the facts and so correctly the law that we shall quote extensively therefrom:

"This action was instituted to compel specific performance of an agreement to sell and transfer to the

plaintiff a ninety-nine year lease of a business block
in the City of Greensburg. The agreement is in writing
and dated *March 4, 1947*,* and was signed by both
plaintiff and defendant. . . .

"On November 11, 1948, plaintiff filed a stipulation
of record to the effect 'that he is willing to forego the
alleged encumbrance against the real estate, . . . and
agrees to accept an assignment from the defendant in
accordance with the terms of the agreement, dated
March 4, 1947, and pay the stipulated consideration
for such assignment without deduction or abate-
ment.' . . .

### Findings Of Fact

"1. On July 1, 1921, James Armstrong, Jr. and
Jennie Armstrong, his wife, being the owners of the
herein described real estate did by indenture of lease,
recorded January 5, 1921, in Deed Book 709, page 536,
demise, lease and let unto L. M. Mace and Mark Mace,
their heirs and assigns for a period of 99 years, All
that certain lot of ground and buildings thereon, sit-
uate on North Main Street in the Borough of Greens-
burg, County of Westmoreland and State of Pennsyl-
vania, bounded on the North by lot of David L. New-
ell, formerly the heirs of Henry Welty, deceased, on
the East by Main Street, on the South by lot of Mrs.
Anna Ogden and on the West by a public alley, front-
ing fifty-eight (58) feet and nine (9) inches more or
less on said Main Street and extending back ninety-
five (95) feet to said alley, subject however to exist-
ing party walls, if any, and known as the Armstrong
Building or property.

"2. By various assignments, duly made, executed
and recorded, the said lease and leasehold became
vested in Harrison J. Weightman, defendant herein.

---

* Italics throughout, ours.

"3. On the premises covered by the said original lease there is presently erected a two story brick building, having stores on the first floor and offices on the second floor.

"4. On March 4, 1947, the defendant entered into a written agreement for the sale and assignment of the lease covering the premises hereinbefore described in the first finding of fact, for the consideration of $42,-500.00, the said sum to be paid on the execution and delivery by the defendant to the plaintiff of an assignment of his leasehold estate, and of the subleases for portions of the premises in effect on March 4, 1947, as set forth in the contract of that date, and such assignments were to be executed and delivered 'on or before ninety (90) days after the execution of these presents (agreement of sale, etc.), free and clear of all real estate commissions.' . . .

"6. The plaintiff engaged the Union Title Guaranty Company, of Pittsburgh, Pa., to examine the title to said property. This company reported to the plaintiff in this suit that in a deed dated November 17, 1809, recorded in Westmoreland County, Pennsylvania, in Deed Book Vol. 105, a right of way was reserved to and for the use of the owner of the adjoining property, then owned by Anna W. M. Ogden, and the owner of the property which is the subject matter of the Agreement of Lease, which leasehold estate is now owned by the defendant in this suit.

"7. Following the disclosure of the facts contained in the preceding finding of fact, the plaintiff and defendant in this suit entered into a Supplemental Agreement dated June 3, 1947 . . . by the terms of which the closing date was extended ninety (90) days; reciting the lien or encumbrance herein earlier referred to; an acknowledgement by the defendant that a certified check for the balance of the purchase price, namely,

$37,500.00, had been tendered to him 'by the party of the second part (plaintiff), for the assignment of the aforementioned lease, free and clear of all liens and encumbrances'; and parties agreeing that during the period for which the agreement has been extended, namely, until August 31, 1947, the party of the first part (defendant) 'shall proceed with all reasonable diligence to clear the said lien or encumbrance from the Title, it being understood that in the event the said lien or encumbrance has been extinguished, then and in that event and as soon as the assignment of said lease can be tendered by the party of the first part (defendant) to the party of the second part (plaintiff), free and clear of all liens and encumbrances, that the transfer shall be consummated.'

"8. On several occasions prior to August 31, 1947, the plaintiff requested and demanded that the defendant proceed in 'Courts of Law or Equity of Westmoreland County to clear or extinguish the lien or encumbrance of a private alley' from the title, so that the defendant could assign the lease to the plaintiff free and clear of all liens and encumbrances.

"9. The defendant, through his counsel, refused to proceed in 'Courts of Law or Equity' as requested by the plaintiff. The defendant did contact Anna W. M. Ogden, the owner of the adjoining property, who refused to enter into an agreement with the defendant to extinguish the lien of the eight foot alley or right of way, but since the filing of the answer of the defendant, Mrs. Ogden did agree to enter into such an agreement in consideration of the sum of $750.00, of which the plaintiff offered to pay $250.00, but the defendant declined to pay the residue of the sum which Mrs. Ogden demanded.

"10. On November 11, 1948, plaintiff filed of record a stipulation 'to forego the alleged encumbrance

against the real estate, being the subject matter of the bill of complaint and agrees to accept an assignment from the defendant in accordance with the terms of the agreement dated March 4, 1947, and pay the stipulated consideration for such assignment without deduction or abatement.'

"11. Plaintiff at all times has been able and ready to comply with his agreement entered into with the defendant herein on March 4, 1947, for the purpose of the leasehold in question and is now willing to accept the same subject to the alleged encumbrance complained of by the Union Title Guaranty Company of Pittsburgh, Pennsylvania, and pay the purchase price mentioned in the agreement of March 4, 1947, upon receipt of deed.

"12. Defendant has refused, neglected and still does refuse and neglect to make, execute and deliver any assignment to plaintiff of the leasehold in question.

"13. After numerous delays counsel for Berger, the plaintiff, and counsel for Weightman, the defendant, on June 16, 1952, entered into the following stipulation: 'The above captioned matter having come on for further testimony, it is stipulated and agreed by and between the parties that the entire premises described in Paragraph 1 of the original complaint have been occupied by and used by the several owners of said premises for a period of upwards of seventy years prior to the filling of said amended complaint, and that no part of said alley or easement (described in D. B. Vol. 10 page 105) has been used by the owner or owners of the adjoining premises for a period of seventy years and upwards, and that no part of the same could be used during said period because of the fact that it has been entirely occupied by said buildings erected thereon.' . . . The right or easement to the 8

foot alley was extinguished by abandonment seventy years ago. [It would probably be more accurate to say that the right or easement was extinguished by an adverse user totally inconsistent therewith for a period of more than 21 years: Parks v. Pennsylvania R.R. Co., 301 Pa. 475, 152 A. 682; Ladner's Real Estate Conveyancing, Sec. 54(h) 6(II), p. 145; Nickels v. Cornet Band (No. 1), 52 Pa. Superior Ct. 145.] On August 31, 1947, the extended expiration date, the plaintiff, Berger, tendered the balance of the purchase price, to wit, $37,500.00 and demanded a title, free and clear of encumbrances. This, the defendant, Weightman, could not supply to the satisfaction of plaintiff's lawyer. The plaintiff then demanded a return of the hand money, to wit, the $5000.00 which he had paid the defendant on account. *The $5000.00 was thereupon returned to him and was accepted by the plaintiff.*

## Discussion

. . .

"The 7th Paragraph of the Agreement between the parties reads as follows: '7. Time is of the essence of this Agreement and should the party of the second part refuse or neglect to comply with the terms hereof within the time set forth, then in that event, the party of the second part shall forfeit to the party of the first part the down-payment of $5,000.00 hereinbefore set forth as liquidated damages and not as a penalty; and should the party of the first part be unable to execute and deliver to the party of the second part the said assignment of the said lease, free and clear of all liens and encumbrances, including tax liens and encumbrances, including tax liens, as aforesaid, *then this Agreement at the option of the party of the second part shall become null and void* and of no effect, *and the party of the first part shall return to*

*the party of the second part the down-payment* in the sum of $5000.00.' Since the parties by their solemn agreement have said that 'time is of the essence of this Agreement', and since the plaintiff delayed for a period of over 2½ years after the return of the hand money of $5000.00, we see no reason why a Court of Equity should at this late date grant the prayer of the Bill as amended and enter a decree of specific performance. . . ."

After a contract has been rescinded by mutual agreement or by a party who has an option to rescind, it can be revived only by mutual consent; and unless so revived a Court cannot and will not grant specific performance. Cf. 13 C. J., Section 627, page 603; *Washabaugh v. Stauffer,* 81½ Pa. 497; *Magen v. Neiman,* 301 Pa. 164, 172, 151 A. 796; *Boyce v. M'Culloch,* 3 Watts & Sergeant 429; *Gibson v. Stainless Steel Sales Corp.,* 166 Pa. Superior Ct. 300, 70 A. 2d 861; *Dreifus v. Columbian Exposition Salvage Co.,* 194 Pa. 475, 487, 45 A. 370.

The rescission of this contract by mutual agreement disposes of the entire case, and therefore renders it unnecessary to discuss laches or estoppel or specific performance or abandonment or adverse possession, or any other contention made by either party.

Decree affirmed; appellant to pay the costs.