## MUNRO *v.* UNITED STATES.

No. 218. Argued January 6, 7, 1938.—Decided January 31, 1938.

*Messrs. Alger A. Williams* and *Charles H. Kendall,* with whom *Mr. George Clinton, Jr.,* was on the brief, for petitioner.

*Mr. Julius C. Martin,* with whom *Solicitor General Reed,* and *Messrs. Wilbur C. Pickett, Fendall Marbury,* and *W. Marvin Smith* were on the brief, for the United States.

By leave of Court, *Messrs. Charles B. Rugg, H. Brian Holland,* and *Warren F. Farr* filed a brief on behalf of the Bates Manufacturing Co., as *amicus curiae,* in support of petitioner.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Certiorari was granted because of conflicting views in the lower courts.

Claiming to be permanently and totally disabled, petitioner instituted an action in the United States District Court, Western District of New York, to recover under a War Risk Insurance Policy. He was honorably discharged in 1919.

Before the cause came on for trial respondent moved for dismissal because the action was not brought within

the time prescribed by § 19, World War Veterans Act 1924, as amended by Act July 3, 1930, 46 Stat. 992, copied in the margin.[1] This motion was overruled. Whether properly so, is the matter for our consideration.

[1] Act of July 3, 1930, c. 849, 46 Stat. 992.

"Sec. 19. In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. The procedure in such suits shall be the same as that provided in sections 5 and 6 of the Act entitled 'An Act to provide for the bringing of suits against the Government of the United States,' approved March 3, 1887, and section 10 thereof so far as applicable. . . .

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act, whichever is the later date, and no suit on United States Government life (converted) insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made; *Provided,* that for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: *Provided further,* That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director. . . ."

Tucker Act, March 3, 1887, c. 359, 24 Stat. 506.

Sec. 5; U. S. C., Title 28, § 762.

"*Petition in suit against United States.* The plaintiff in any suit brought under the provisions of section 41, paragraph 20, of this title shall file a petition, duly verified with the clerk of the respective court having jurisdiction of the case, and in the district where the plaintiff resides. Such petition shall set forth the full name and residence of the plaintiff, the nature of his claim, and a succinct statement of the facts upon which the claim is based, the money or any other thing claimed, or the damages sought to be recovered

By concession it was necessary to bring suit not later than July 1, 1933.

March 16, 1933, a praecipe for issuance of summons was filed with the Clerk of the District Court; on the same day copy of the summons was served upon the United States Attorney in Buffalo and another mailed to the Attorney General at Washington; no copy of the complaint was served upon the United States Attorney until July 26, 1933; the original complaint was not filed with the Clerk until April 23, 1936.

February 15, 1934, the United States Attorney filed an answer without questioning the timeliness of the suit; a year later he moved to dismiss. The cause was heard in April, 1936; judgment went for the assured July 29, 1936.

In following the above described procedure petitioner's counsel acted upon information given by the Assistant United States Attorney, who declared that service of summons would suffice to give jurisdiction and toll the statute; that complaint might be served thereafter.

Two points are presented. Did procuring the summons, serving one copy on the United States Attorney and sending another to the Attorney General begin the

and praying the court for a judgment or decree upon the facts and law."

Sec. 6; U. S. C., Title 28, § 763.

*"Service; appearance by district attorney.* The plaintiff shall cause a copy of his petition filed under section 762 of this title, to be served upon the district attorney of the United States in the district wherein suit is brought, and shall mail a copy of the same, by registered letter, to the Attorney General of the United States, and shall thereupon cause to be filed with the clerk of the court wherein suit is instituted an affidavit of such service and the mailing of such letter. It shall be the duty of the district attorney upon whom service of petition is made as aforesaid to appear and defend the interests of the Government in the suit, and within sixty days after the service of petition upon him, unless the time should be extended by order of the court made in the case to file a plea, answer, or demurrer on the part of the Government, . . ."

suit within the requirement of the statute? If not, do the circumstances establish waiver of the defense that suit was out of time.

Section 19, Act of 1924, permits an action on a War Risk policy to be brought in the United States District Court for the district in which the claimant resides. Also directs, "The procedure in such suits shall be the same as that provided in Sections 5 and 6" (§§ 762 and 763, Title 28, U. S. C.) of the Tucker Act of March 3, 1887, "and Section 10 thereof [§ 765, Title 28, U. S. C.] insofar as applicable." Sec. 5 of the Tucker Act provides that the plaintiff "shall file a petition" with the Clerk of the court, containing a succinct statement of the facts upon which the claim is based; Sec. 6 that he shall cause one copy of this to be served upon the District Attorney and mail another to the Attorney General. These requirements were not complied with prior to July 1, 1933.

The Circuit Court of Appeals held the suit was not brought in time to toll the statute, and with this conclusion we agree. The opinion there adequately refers to the sundry opinions which have considered the subject, discloses the claims of the parties and reasons for the judgment.

Affirmation here, upon authority of *United States* v. *Larkin*, 208 U. S. 333, of the District Court's judgment in *United States* v. *Mill Creek, etc.*, and two similar causes (Nos. 103, 104, 105, Oct. Term 1919), 251 U. S. 539, cannot properly be regarded as authority for a view contrary to the one we now approve. Those causes came up under a statute which permitted direct appeals from District Courts solely upon questions of jurisdiction. We determined only that the District Court had power to hear and rule upon the questions presented to it—among them whether the suits were brought in time. The merits of the controversy—whether in reality the suits were in time—we did not consider. Examination of the opin-

ion in Larkin's case and the statute then in force will make this clear enough.

Suits against the United States can be maintained only by permission, in the manner prescribed and subject to the restrictions imposed. *Reid* v. *United States,* 211 U. S. 529, 538. The Conformity Act cannot be relied upon to change any of these.

The District Attorney had no power to waive conditions or limitations imposed by statute in respect of suits against the United States. *Finn* v. *United States,* 123 U. S. 227, 233. Judgment against them is not permissible if first sought after expiration of the time allowed.

*Affirmed.*

MR. JUSTICE CARDOZO took no part in the consideration and decision of this case.