**JONES, Collector of Internal Revenue, et al.**
**v. TOWER PRODUCTION CO.**

No. 2205.

Circuit Court of Appeals, Tenth Circuit.

May 28, 1941.

**780**

Valjean Biddison, of Tulsa, Okl., and Paul G. Darrough, of Oklahoma City, Okl., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

The Tower Production Company[1] brought this action against Anderson Prichard Refining Corporation,[2] H. C. Jones, Collector of Internal Revenue, and the United States seeking a decree adjudging the Production Company to be the owner of an undivided interest in an oil and gas leasehold estate and the mineral production therefrom, and that the United States has no interest in or lien against the leasehold estate or the production therefrom, or the proceeds of such production held by the Refining Corporation.

In its complaint the Production Company alleged that it was the owner of an undivided interest in an oil and gas leasehold estate covering certain described blocks in the Military Addition to Oklahoma City, Oklahoma; that on December 2, 1932, A. C. Alexander, Collector of Internal Revenue for the Western District of Oklahoma, filed in the office of the county clerk of Oklahoma County, Oklahoma, a lien statement No. 1279, stating that there were additional 1930 income taxes due and owing by Ben Wofford, individually; that on April 19, 1938, Jones, who had succeeded Alexander as Collector of Internal Revenue, filed a levy against the leasehold estate reciting that the leasehold estate and the oil being produced and run therefrom were subject to the lien of the United States; that the Refining Corporation is a pipe-line company which is regularly running the oil produced from such leasehold estate and since the filing of such levy it has withheld the funds and moneys accruing from the sale of the oil, and will continue so to do until it has been determined whether the interest is subject to the lien; that Wofford at no time owned any interest in the leasehold estate; that any interest which had appeared in the name of Wofford was held by him as trustee for the Wofford Drilling Company, Inc.,[3] a corporation; that prior to the filing of the lien statement a receiver had been appointed for the Drilling Company in the District

Louise Foster, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Lyle M. Turner, Sp. Assts. to the Atty. Gen., and Charles E. Dierker, U. S. Atty., and John Brett, Asst. U. S. Atty., both of Oklahoma City, Okl., on the brief), for appellants.

---

[1] Hereinafter referred to as the Production Company.

[2] Hereinafter referred to as the Refining Corporation.

[3] Hereinafter referred to as the Drilling Company.

Court of the United States for the Western District of Oklahoma in cause No. 1424 Equity; that the receiver took charge of the properties of the Drilling Company, including the leasehold estate, and continuously exercised ownership thereof until a proceeding was filed in such district court for the reorganization of the Drilling Company under § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, being cause No. 7152; that Harry J. Brown, as temporary trustee, succeeded to the right, title, and interest of Harry J. Brown, as receiver, in cause No. 1424; and that thereafter the interest in such leasehold estate was transferred to and vested in the Production Company, the successor to the Drilling Company in the reorganization proceedings, and that the latter is still the owner and holder of the leasehold estate; that the lien claim and levy have created clouds on the title of the Production Company to the leasehold estate; and that the value thereof is in excess of $3,000.

From a decree adjudging that the Production Company was the owner of the leasehold estate free and clear of any claim of the United States or of Jones, Collector, for any taxes due from Wofford under the lien statement No. 1297, and ordering and directing the Refining Corporation to pay to the Production Company the proceeds of oil run from the leasehold estate, the United States and Jones, as Collector, have appealed.

When the trial court announced its decision, counsel for the Production Company suggested that it was entitled to an injunction against any further effort to collect the tax out of the leasehold estate or the proceeds of the oil run therefrom. The court refused to grant the injunction. The Production Company did not take a cross-appeal.

Section 3670 of the Internal Revenue Code, 26 U.S.C.A. § 3670, provides that if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount, including any interest or penalty, together with any costs that may accrue in addition thereto, shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Section 3671 of the Internal Revenue Code, 26 U.S.C.A. § 3671, provides that such lien shall arise at the time the assessment list is received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time.

Section 3672 of the Internal Revenue Code, 26 U.S.C.A. § 3672, provides that such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector in accordance with the laws of the state within which the property subject to the lien is situated, whenever the state has by law provided for the filing of such notice.

Section 12724, O.S.1931, 68 Okl.St.Ann. § 371, provides that a notice of any lien for taxes payable to the United States may be filed by the collector in the office of the county clerk of the county wherein the property subject to the lien is situated.

Section 3678(a) of the Internal Revenue Code, 26 U.S.C.A. § 3678(a), provides that in any case where there has been a refusal or neglect to pay any tax, and it has become necessary to seize and sell property and rights to property, whether real or personal, to satisfy the same, the Attorney General at the request of the Commissioner may direct a civil action to be filed, in a district court of the United States, to enforce the lien of the United States for the tax upon any property and rights to property, real or personal, owned by the delinquent, or in which he has any right, title, or interest.

Section 3679 of the Internal Revenue Code, 26 U.S.C.A. § 3679, provides that any person having a lien upon or any interest in real estate referred to in § 3678, supra, notice of which has been filed of record in the jurisdiction in which the real estate is located, prior to the filing of notice of the lien of the United States, may make written request to the Commissioner to authorize the filing of a civil action as provided in § 3678, and if the Commissioner fails to authorize the filing of such action within six months after receipt of such written request, such person may, after giving notice to the Commissioner, file a petition in the district court of the United States for the district in which the real estate is located, praying leave to file a civil action for a final determination of all claims to or liens upon the real estate, and that after a full hearing in open court, the district court may, in its discretion, enter an order granting leave to file such civil action, in which the United States and all persons having liens upon or claiming any

interest in the real estate shall be made parties.

In Oklahoma, an oil and gas lease is an interest in real property.[4]

In the instant case, there was neither allegation nor proof of compliance with the provisions of § 3679, supra.

Since the object of the action was to remove the tax lien as a cloud upon the title of the leasehold estate and the proceeds of the oil run therefrom, it clearly was an action against the United States.

The United States cannot be sued without its consent clearly given by an act of Congress;[5] and, when such consent is given, a suit against the United States can be maintained only in the manner prescribed and subject to the restrictions imposed.[6]

While there is an intimation in the record that counsel for the United States and the collector undertook to waive the immunity, it is clear they had no power to waive the conditions or limitations imposed by § 3679, or consent that the suit might be maintained.[7] It follows that the decree below was erroneous.

Counsel for the Production Company urge that we should direct the entry of a decree enjoining the collector from enforcing the levy. That would be a departure from the theory upon which the case was presented and tried below. Neither the pleadings nor the prayer for relief of the complaint below indicated that the United States or the collector would be called upon to defend against a claimed right for injunctive relief. On appeal the parties are restricted to the theory on which the cause was prosecuted or defended below.[8]

Furthermore, the trial court denied the request for injunctive relief made after the decision was rendered below and the Production Company took no cross-appeal.

Under these circumstances, we think it would be inappropriate for us to determine on this record whether the Production Company is entitled to injunctive relief.

The judgment is reversed and the cause remanded, with instructions to dismiss the complaint.

---

4 United States v. Stanolind Crude Oil Purchasing Co., 10 Cir., 113 F.2d 194, 198; Commissioner v. McKinney, 10 Cir., 87 F.2d 811, 813; Rich v. Doneghey, 71 Okl. 204, 177 P. 86, 89, 3 A.L.R. 352.

5 Ickes v. Fox, 300 U.S. 82, 96, 57 S. Ct. 412, 81 L.Ed. 525; Morrison v. Work, 266 U.S. 481, 486, 45 S.Ct. 149, 69 L. Ed. 394; United States v. Shaw, 309 U. S. 495, 500, 60 S.Ct. 659, 84 L.Ed. 888.

6 Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 82 L.Ed. 633; Reid v. United States, 211 U.S. 529, 538, 29 S. Ct. 171, 53 L.Ed. 313.

7 Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 82 L.Ed. 633; United States v. Shaw, 309 U.S. 495, 501, 60 S. Ct. 659, 84 L.Ed. 888.

8 Osgoodby v. Talmadge, 2 Cir., 45 F. 2d 696, 697; Outlook Farmers' Elevator Co. v. American Surety Co., 70 Mont. 8, 223 P. 905, 908; Hutchinson v. Fidelity Inv. Ass'n, 4 Cir., 106 F.2d 431, 436, 437; Magen v. Neiman, 301 Pa. 164, 151 A. 796, 797.