**EDWARDS et al. v. UNITED STATES.**

**No. 11572.**

Circuit Court of Appeals, Ninth Circuit.

Aug. 4, 1947.

Rehearing Denied Sept. 3, 1947

William B. Edwards, in pro. per., for appellant.

A. Devitt Vanech, Asst. Atty. Gen., James M. Carter, U. S. Atty., of Washington, D. C., F. B. Critchlow, Sp. Asst. to Atty. Gen., and Roger P. Marquis, Jason D. Lee, and S. Billingsley Hill, Attys., Department of Justice, all of Washington, D. C., for appellee.

Before MATHEWS, BONE, and ORR, Circuit Judges.

ORR, Circuit Judge.

In the amended complaint filed in this case, a long list of abuses which appellants are alleged to have suffered at the hands of officials of the United States, representing the Interior and Justice Departments, are detailed. Homestead entries were made on certain lands by some of the named plaintiffs and the predecessors of others. Said lands were later withdrawn from entry and subsequently restored to settlement. A contest arose between plaintiff Edwards and one Bodkin. The issue between them was decided, by the Secretary of the Interior, in favor of Bodkin. Edwards continued to assert his claim; was arrested and convicted of criminal conspiracy under Section 19 of the Criminal Code, 18 U.S.C.A. § 51. After serving his sentence of imprisonment Edwards litigated his claim in the courts and was finally determined, by said courts, to be the lawful owner of the land in question. A patent to said land having in the meantime been granted to Bodkin, the courts decided that Bodkin held the land as trustee for Edwards and ordered a transfer. Under a special Act of Congress Bodkin's heirs were awarded some $30,000 on the theory they were damaged in that amount by reason of the invalid patent issued Bodkin.

Plaintiffs, alleging they had been unjustly discriminated against, asked Congress for compensation in an amount equal to the sum awarded the Bodkin heirs.

Plaintiff Edwards is the only member of the original homesteaders who recovered title to his land.

On May 23, 1941, Congress passed a bill conferring jurisdiction on the Court of Claims to hear and determine the amount, if any, that plaintiff Edwards and others had suffered by reason of claimed homestead rights they were alleged to have been illegally deprived of. Said bill was vetoed

by the President. Notwithstanding the failure of said bill to become a law, appellants brought suit in the Court of Claims for the value of the lands and for damages for false arrest and imprisonment. The Court of Claims dismissed the action for want of jurisdiction and for the further reason that had jurisdiction existed the statute of limitations had long since run. 28 U.S.C.A. §§ 250, 252. Ben White, et al., v. United States, 1943, 98 Ct.Cl. 804.

Plaintiff Edwards brought this suit on behalf of himself and others. The amended complaint was filed October 21, 1946. The relief asked is "that the court will hear this case, and on proof of the facts alleged will enter judgment for the ten last named plaintiffs for the material loss imposed upon them but for not more than thirty thousand dollars each and for costs."

The District Court dismissed the suit on the ground that it lacked jurisdiction over the defendant.

■ The United States may not be sued without its consent and where permission is granted suits against it "can be maintained only * * * in the manner prescribed and subject to the restrictions imposed." Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 423, 82 L.Ed. 633. "Jurisdiction is not a matter of sympathy or favor. The courts are bound to take notice of the limits of their authority, * * *." Reid v. United States, 211 U.S. 529, 539, 29 S.Ct. 171, 172, 53 L.Ed 313.

■■ "A sovereign is exempt from suit, not because of any formal conception or absolute theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends." Kawananakoa v. Polyblank, 205 U.S. 349, 27 S.Ct. 526, 527, 51 L.Ed. 834. There being no congressional act specifically permitting these plaintiffs to sue we turn to an examination of existing general acts. Such permission, so far as the causes of action pleaded in this case are concerned, cannot be found in the Tucker Act, 28 U.S.C.A. § 41(20). We understand from their pleadings that plaintiffs are demanding damages for the wrongful patenting to others and the wrongful withholding from plaintiffs of the lands in question. Such a cause of action "sounds in tort." The permission given by the Tucker Act is limited to actions "not sounding in tort." Furthermore, the Tucker Act places a limit of six years within which an action under it may be brought. The alleged causes of action pleaded in the instant case accrued more than twenty years before this suit was instituted.

■ The six year limitation is jurisdictional. Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633; Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128. Furthermore, the Tucker Act limits jurisdiction to $10,000. The claim of each plaintiff in the instant case is for $30,000.

Complaint is made by appellants of the failure of the trial court to dismiss the amended complaint so that jurisdiction under the Federal Tort Claims Act could be invoked. 28 U.S.C.A. §§ 921-946. We find no record of any such request being made to the trial court. In any event such permission could not have assisted appellants. Said Federal Tort Claims Act permits recovery only upon claims "accruing on and after January 1, 1945."

The order of the trial court dismissing the action is affirmed.