## WERNER v. UNITED STATES.
### No. 10539.

United States District Court
S .D. California, Central Division.
May 26, 1950.

Milan Medigovich, Los Angeles, Cal., for plaintiff.

Ernest A. Tolin, U. S. Atty., Los Angeles, Cal., Irl D. Brett, Sp. Asst. to Atty. Gen., for defendant.

MATHES, District Judge.

This case is before the court on motion of the United States to dismiss plaintiff's "action for reformation of lease and reasonable rental for use and occupation of land" in Riverside County, California.

The material facts as alleged in the complaint are these. Prior to February 1, 1943, the land involved "was placed and held in trust by Mark L. Herron and * * * wife, as trustees, with directions and upon the understanding that said property would be returned" to plaintiff upon demand.

On February 1, 1943, the trustees, as lessor, and the United States, as lessee, entered into a lease of the land for one year at a rental of $25, with option granted to

the lessee to renew from year to year "provided that no renewal thereof will extend the period of occupancy * * * beyond six (6) months from the date of the termination of the unlimited emergency, as declared by the President of the United States on May 27th, 1941 (Proclamation 2487 [50 U.S.C.A.Appendix, note preceding section 1] )." See 3 Code Fed.Regs. 234 (Cum.Supp.1943).

Plaintiff further alleges that the words of the provision just quoted were intended "in their ordinary and popular sense to mean" and were, "on the date of the execution of said lease, understood to be 'six months from the date of cessation of actual hostilities with * * * or the surrender of said Axis nations,' which surrender finally occurred on the 14th day of August, 1945; * * * [and] on the 3rd day of December, 1946, it was declared by proclamation of the President of the United States, Proclamation 2714 [50 U.S.C.A.Appendix, § 601 Note], that 'there was the cessation of hostilities of World War II.' " See 3 Code Fed.Regs. 77 (Supp.1946).

For a second cause of action plaintiff alleges that "said lease was terminated on the 14th day of August, 1945"; that the lessee has since had the use of the property, which "for said period was reasonably worth $2500.00 per year." The prayer is for reformation of the lease "to conform with the actual intention of the parties," for recovery of "the reasonable value of the use and occupation of said real property * * * since the 14th day of August, 1945," and for general relief.

Defendant's motion to dismiss asserts two defenses, Federal Rules of Civil Procedure, rule 12(b), (g), (h), 28 U.S.C.A.; see Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 1944, 139 F.2d 871: (1) lack of jurisdiction over the person of the defendant, Federal Rules of Civil Procedure, rule 12(b) (2), the ground asserted being "that the United States has not consented to, or submitted to, the jurisdiction of this court in equity proceedings"; and (2) failure to state a claim upon which relief can be granted. Federal Rules of Civil Procedure, rule 12(b) (6).

It is settled of course that "suits against the United States can be maintained only by permission, in the manner prescribed and subject to the restrictions imposed." Munro v. United States, 1938, 303 U.S. 36, 41, 58 S.Ct. 421, 423, 82 L.Ed. 633; see, also, Great Northern Life Ins. Co. v. Read, 1944, 322 U.S. 47, 53–54, 64 S. Ct. 873, 88 L.Ed. 1121; Reid v. United States, 1909, 211 U.S. 529, 538, 29 S.Ct. 171, 53 L.Ed. 313. By the Tucker Act, 24 Stat. 507 (1887), as amended, 28 U.S.C.A. § 41 (20) (1946), the United States of America, as sovereign, consented to be sued in this court on "all claims not exceeding $10,000 founded * * * upon any contract, express or implied, with the Government of the United States * * * in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable * * *."

The consent thus granted by the Congress was construed to include suits in equity for reformation of contracts of the United States for payment of money. See United States v. Milliken Imprinting Co., 1906, 202 U.S. 168, 173–174, 26 S.Ct. 572, 50 L.Ed. 980; Ackerlind v. United States, 1916, 240 U.S. 531, 534, 36 S.Ct. 438, 60 L.Ed. 783; Cramp & Sons Ships & Engine Bldg. v. United States, 1915, 239 U.S. 221, 230, 36 S.Ct. 70, 60 L.Ed. 238. However, the Government points to the fact that the statute "has been amended to delete the reference to equity." See 28 U.S.C.A. § 1346(a) (2) (1948). Omission by the revisers of Title 28 of the former reference to "equity", it is argued, constitutes in effect a withdrawal by the Government of consent to be sued in this court for equitable relief.

But the reviser's notes to § 1346 of new Title 28 seem to anticipate that argument with the explanation that: "The words 'in a civil action or in admiralty', in subsection (a) (2), were substituted for 'either in a court of law, equity, or admiralty' to conform to Rule 2 of the Rules of Civil Procedure for the United States District Courts." 28 U.S.C.A. notes following § 1346 (1950). Similar explanation for like amendments is to be found in the reviser's notes to §§

1331, 1332, 1335, 1338, 1341, 1342, 1343, 1345, 1347, 1399, 1400, 1441, 2072 and 2073. See 28 U.S.C.A. notes following the sections cited (1950). Rule 2 of the Federal Rules of Civil Procedure declares: "There shall be one form of action to be known as 'civil action'." The notes to Rule 2 explain: "Reference to actions at law or suits in equity in all statutes should now be treated as referring to the civil action prescribed in these rules." 28 U.S.C.A. § 723c notes following Rule 2 (1941); and see United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; United States v. Gallagher, 9 Cir., 1945, 151 F.2d 556; 48 Stat. 1064 (1934), 28 U. S.C. § 723c (1946).

As amended upon revision "to conform to Rule 2", 28 U.S.C.A. § 1346(a) (2) now reads: "The district courts shall have original jurisdiction, concurrent with the Court of Claims, of * * * any * * * civil action * * * against the United States, not exceeding $10,0000 in amount, founded * * * upon any express or implied contract with the United States * * *." And the Supreme Court has recently held that the phrase "any civil action" used in the revision of Title 28 "means what it says." Kilpatrick v. Texas & Pac. Ry., 1949, 337 U.S. 75, 77, 69 S.Ct. 953, 955, 959, 93 L.Ed. 1223.

■ Accordingly it must be concluded that omission of the word "equity" from § 1346(a) (2) in the revision of Title 28 of the United States Code Annotated does not indicate congressional intent to withdraw consent of the sovereign to submit to the equitable jurisdiction of this court in actions involving contracts of the United States. The Government's motion to dismiss upon that ground must therefore be denied. cf. United States v. Aetna Surety Co., 1949, 338 U.S. 366, 383, 70 S.Ct. 207; United States v. Sherwood, supra, 312 U. S. at 590, 61 S.Ct. 767, 85 L.Ed. 1058; United States v. Shaw, 1940, 309 U.S. 495, 501, 60 S.Ct. 659, 84 L.Ed. 888.

There is, however, another ground which requires dismissal of plaintiff's action. The time limitations for commencement of actions against the United States under the Tucker Act, See 28 U.S.C.A. § 41(20) (1946), are found in 28 U.S.C.A. § 2401(a), which stipulates that: "Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

■ Validity of the lease and option to renew in controversy here and the rights of the parties derived therefrom are governed by the law of California where the land is situated and the lease was made. United States v. Petty Motor Co., 1946, 327 U.S. 372, 380, 381, 66 S.Ct. 596, 90 L.Ed. 729; United States ex rel., and for Use of T. V. A. v. Powelson, 1943, 319 U.S. 266, 279, 63 S.Ct. 1047, 87 L.Ed. 1390; United States v. Becktold Co., 8 Cir., 1942, 129 F. 2d 473, 477; see, also, United States v. Westinghouse, 70 S.Ct. 644; United States v. Burnison, 1950, 339 U.S. 87, 70 S.Ct. 503; Becker v. Submarine Oil Co., 1922, 55 Cal.App. 698, 204 P. 245; Restatement, Property § 395, comment b (1944). As said in Reading Steel Casting Co. v. United States, 1925, 268 U.S. 186, 188, 45 S.Ct. 469, 470, 69 L.Ed. 907: "The contract is to be construed and the rights of the parties are to be determined by the application of the same principles as if the contract were between individuals."

■ In the case at bar the trustees who made the lease were plaintiff's agents, Cal. Civ.Code §§ 2267, 2300, and their knowledge of the alleged mutual mistake upon which plaintiff's right of action is founded must be imputed to him. Cal.Civ.Code § 2332. Plaintiff's right of action must then be held to have first accrued on February 1, 1943, when the lease was made. See Goodfellow v. Barritt, 1933, 130 Cal.App. 548, 20 P.2d 740, 743; cf. Phelps v. Grady, 1914, 168 Cal. 73, 141 P. 926. This action was not commenced until November 8, 1949—more than six years thereafter. Plaintiff's claim is therefore barred by the provisions of 28 U.S.C.A. § 2401(a).

■ This court will dismiss an action against the United States for want of jurisdiction whenever the record discloses the claim is barred, even though the bar of the statute has not been pleaded on behalf

of the Government. See Munro v. United States, supra, 303 U.S. at 41, 58 S.Ct. 421, 82 L.Ed. 633; Finn v. United States, 1887, 123 U.S. 227, 232-233, 8 S.Ct. 82, 31 L.Ed. 128; Edwards v. United States, 9 Cir., 1947, 163 F.2d 268, 269; Gans S. S. Line v. United States, 2 Cir., 1939, 105 F.2d 955, 957.

Plaintiff's action must then be dismissed for want of jurisdiction over the person of the defendant; and it is so ordered.

Counsel for defendant will submit judgment of dismissal accordingly, see Federal Rules of Civil Procedure, rule 41(b), pursuant to local rule 7 within five days.