**GREGORY v. UNITED STATES et al.**

No. 137, Docket 21839.

United States Court of Appeals Second Circuit.

Argued Jan. 4, 1951.

Decided Jan. 24, 1951.

Jacob Rassner, New York City, for libellant-appellant; Robert Klonsky, New York City, advocate.

Irving H. Saypol, U. S. Atty., New York City, for respondents-appellees; Martin J. Norris, Atty., Dept. of Justice, New York City, advocate.

Before L. HAND, Chief Judge, and SWAN. and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal by libellant, a seaman on a vessel owned and operated by the United States, from a decree sustaining exceptions and dismissing the third cause of action as filed too late. The libellant sought to recover $5,000 on the Second Seamen's War Risk Policy. He alleged that exposure during a voyage between February 20 and April 26, 1945, resulted in and contributed to a tubercular condition and entitled him to the benefits of the War Risk Insurance Policy. He also alleged that on the 1st of February, 1950, he forwarded a formal claim to the War Shipping Administration, agent and operator of the vessel; that more than sixty days had elapsed since the filing of the claim and that the claim is deemed to have been administratively disallowed. Section 5 of the Suits in Admiralty Act of 1920, as amended, 46 U.S.C.A. § 745, provided that suits based on causes of action arising prior to the taking effect thereof should be brought within one year after that Act went into effect "and all other suits * * * shall be brought within two years after the cause of action arises". In dealing with war risk insurance policies, the Merchant Marine Act of 1936, as amended, provides that: "In the event of disagreement as to a claim for losses or the amount thereof," a suit may be brought against the United States, and: "Said suits shall proceed and shall be heard and determined according to the provisions of" the Suits in Admiralty Act. 46 U.S.C.A. § 1128d.

Libellant concedes that the two year period of the Suits in Admiralty Act is the applicable one, but contends that his "cause of action" within the meaning of that Act did not arise until 60 days after the filing of his "formal" claim of February 1, 1950, and hence that the two years did not begin to run against him until April 2, 1950. In arriving at this result he relied on the so-called Clarification Act of 1943, 50 U.S.C.A.Appendix, § 1291. It provides that claims by crew members of United States vessels arising out of injuries or illness "shall, if administratively disallowed in whole or in part, be enforced pursuant to the provisions of the Suits in Admiralty Act." The term "administratively disallowed" is defined therein as "a denial of a written claim in accordance with rules or regulations prescribed by the Administrator, War Shipping Administration." Pursuant to these provisions, the Administrator of War Shipping Administration promulgated General Order 32, which provided that: "Claims * * * must be submitted for allowance prior to * * * instituting court action thereon * * * in cases arising under the * * * Second Seamen's War Risk Policy, * * * The claim need not follow any particular form, but it shall be in writing. * * * If the person or agency with whom the claim is filed, * * * fails to notify

the claimant in writing of a determination upon such claim, within sixty days following the date of filing thereof, the claim shall be presumed to have been administratively disallowed, and the claimant shall be entitled to enforce his claim by court action."

It is difficult for us to understand how the issue raised by libellant could arise in view of the provisions in the insurance policy. 8 F. R. 3455 *et seq.* Article 21 requires that: "notice of disability * * * and claim for payment therefor under this Policy shall be given to the Administrator within ninety days after the happening of the event causing the disabiity * * * or ninety days after the insured returns to the Continental United States, excluding Alaska." Article 22 provides, in so far as it is relevant, that "no action or suit upon this Policy shall be valid unless commenced within two years from the time the insurance, benefits or allowances conferred by this Policy are payable."

██ Even if the complaint were assumed to allege matters which, if true, might relieve libellant of the obligation of complying with the conditions in the policy, we would not agree with libellant's theory as to the time when the two year period begins to run, which we think was when he would first have grounds for relief under the policy. McMahon v. United States, 3 Cir., 186 F.2d 227. That, at the latest, must have been either on April 26, 1945, when the voyage ended, or, if his injuries had not yet developed, then within ninety days of April 26, 1945, inasmuch as the policy covered "disability proximately caused by the risks and perils insured against herein, and which arises within ninety days from the date of the happening of such risks or perils." In this respect we are inclined to disagree with what appears to be the view expressed by the Court of Appeals for the Ninth Circuit [Thurston v. United States, 179 F.2d 514, 515] which seems to treat negligence claims against the United States under the Clarification Act as not having matured into "causes of action" until after they had been rejected by the War Shipping Administration. Furthermore, we see no basis for the libellant's contention that the two years were, or

could be, extended so as to permit suit after the period had expired for, even if the statute should be tolled during the sixty days within which the claim was being considered by the administrative agency, such action of the agency could never revive a statutory claim which was already barred, unless there was some provision for this in the statute. Munro v. United States, 2 Cir., 89 F.2d 614, affirmed, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633; Kruhmin v. United States, 3 Cir., 177 F.2d 906, 907.

For the above reasons the decree dismissing the third cause of action is affirmed.

L. HAND, Chief Judge (concurring).

In the case at bar I think that we can avoid answering the troublesome question which has arisen in suits for personal injuries brought under the "Clarification Act." Article 22 of the "War Risk Policy" provides that "no action or suit * * * shall be valid unless commenced within two years from the time the insurance, benefits or allowances * * * are payable"; and Article 21 provides that "notice of disability * * * and claim for payment * * * shall be given * * * within * * * ninety days after the insured returns to the continental United States." Plainly, the "insurance" is not "payable" unless such a "notice" and such a "claim" are given. The libellant has not alleged that he ever gave "any claim for payment," which § 304.24, General Order 32, requires to be "in writing," until February 1, 1950; and, even were we to assume that an oral claim would suffice, he does not so much as intimate that he gave one before July 26, 1945, which was ninety days after April 26, 1945, when he returned to the "continental United States." That alone would conclude him. Besides, assuming that he did give an oral "claim" before July 26, 1945, and that it might serve in place of one "in writing," the Commission did not "determine" it within sixty days—say, September 26, 1945—and § 304.26 of General Order 32 provides that after sixty days "the claim shall be presumed to have been administratively disallowed, and the claimant shall be entitled to enforce his claim by court action." The Merchant Marine Act of

1936* makes § 5 of the Suits in Admiralty Act applicable to suits upon such claims and the period was up before October first, 1947, at the latest. The limitation circumscribes the consent of the United States to be sued and cannot be relinquished. Although I do not wish to be understood to dissent from my brothers' disposition of the appeal, I find the foregoing a more definitely marked path to the same result.