356

## SNYDER et ux. v. SCOFIELD.
### Civ. A. No. 6607.

United States District Court
S. D. Texas, Houston Division.
May 27, 1953.

Boyles & Billingsley, Houston, Tex., M. U. S. Kjorlaug, Houston, Tex., for plaintiffs.

Brian S. Odem, U. S. Atty., and W. R. Eckhardt, Asst. U. S. Atty., Houston, Tex., for defendant.

CONNALLY, District Judge.

This is an action by Earl H. Snyder and wife to recover of the Collector of Internal Revenue the amount of $266.18 each, allegedly illegally assessed and collected as income tax for the calendar year 1945. Mr. Snyder describes his business or profession as that of "water consultant", and contends that he conducts same as an independent contractor. As this is a contested issue in the case, it will suffice for present purposes to state that he is in charge of the local office of D. W. Haering & Co., Inc., with a number of salesmen for that company under his immediate supervision and direction. His entire remuneration is derived from commissions from the sale of the company's products which he effects, or from overriding commissions on the sales made by those under his direction.

In preparing his 1945 income tax return (personally, and without the benefit of professional advice), Mr. Snyder showed his "Gross Income" in an amount in excess of $60,000 from such commissions. He carried forward one-half of this figure (as the one-half attributable to the husband) as his "Adjusted Gross Income". He then itemized various expenses (as travel expense, entertainment and promotion, office rent, secretarial hire, etc.) totaling some $6,000, and deducted the husband's one-half of this total, *in lieu of the standard $500 deduction,* from his "Adjusted Gross Income" to arrive at his "Net Income". His tax was then calculated and paid on this basis. His wife's return was prepared in similar fashion.

Snyder contends here that he was not an employee of the Haering Company but was an independent contractor; and that as such, under terms of Section 23 of Title 26, U.S.C.A., he was entitled to deduct the expenses above mentioned from his "Gross Income" to arrive at his "Adjusted Gross Income"; that thereafter he was entitled to take the standard $500 deduction (contributions and other non-business expenses being negligible), so that his "Net Income" upon which the tax is calculated thus would have been reduced by about $500.

The Government counters with three propositions, which present the issues in the case. The Government contends, first, that no proper claim for refund was filed by March 15, 1949, the agreed limitation date; second, regardless of whether his claim was properly or timely filed, the taxpayer, under terms of Sec. 23(aa) (3), Title 26, U.S.C.A., by itemizing his deductions, made an irrevocable election to treat them in this fashion, and cannot now calculate his tax on a different basis; and third, regardless of the first two issues, that taxpayer was in fact an employee of D. W. Haering & Co., Inc., and hence, under the terms of Section 22(n) (1, 2), in any event could deduct only from "Gross Income" the expenses of travel, meals, and lodging, in arriving at "Adjusted Gross Income"; that the other expenses which he itemized (as rent, secretarial hire, promotional expense, etc.) far exceed the standard deduction, and that the net income figure, and tax heretofore arrived at, are correct.

The second point made by the Government is sustained. Conceding that normally the manner in which the plaintiff prepared his 1945 return would constitute an irrevocable election, he contends that he is not so bound here by reason of the following facts. Plaintiff contends, and has testified, that in 1944, certain drastic changes were made in the income tax laws, and that as the time for preparation of 1944 returns approached, the Government, both by newspaper and radio, offered to the public the services of its Internal Revenue Agents to aid and assist in the preparation of income tax returns; that the plaintiff took advantage of this invitation and secured the assistance of a named Internal Revenue Agent in this city in preparation of his 1944 return; he contends that the agent made an error in the preparation of the 1944 return (by treating the plaintiff as an employee rather than an independent contractor); that thereafter, in preparing his own return for 1945 and succeeding years, the plaintiff used this 1944 return as a model or guide, and fell into the same error; hence, he was induced into such error through the conduct of the Internal Revenue Agent, and the Government is estopped to contend that he has elected, as he had no actual knowledge of the alternatives which in fact were available to him. In my opinion, this is no sufficient justification.

To sustain this position, taxpayer would be required at least to support the following propositions: (a) that the agent who assisted him in 1944, in fact was in error in his treatment of this problem; (b) that, under the circumstances, plaintiff was entitled to, and did, rely on it in later years; and (c) the Government could be, and was, estopped thereby. I incline to the view that the plaintiff must fail on all three.

■ There are many circumstances indicating that the plaintiff in fact was an employee of Haering & Company. While stating here that he is a "water consultant" and engaged in the independent pursuit of that profession, and that his services are availed of by many industries and businesses which encounter problems in the treatment of water, it appears that these services are rendered to others *only* for the purpose of effecting sales of Haering Company products. Mr. Snyder maintains an office in this city, with the name of the Haering Company and his own appearing on the door. He supervises and directs the efforts of a number of salesmen for that company. He bears a number of titles for the Haering Company, including division manager, district manager, chief consultant, research and technical director. His entire remuneration is derived from the commissions on sales which he, or his subordinates, make of the company's products. If an industry desires the benefit of his advice on a problem in his field, request is made of him for an investigation and report; he makes such investigation, and reports *to the Haering Company*. This company thereupon contacts the industry and undertakes to sell its products in connection therewith. Mr. Snyder does not receive any compensation from the industries which thus avail themselves of his services. Withholding tax on his remuneration is withheld and paid by the Haering Company, as well as on that of his secretary, although the amount of her salary is charged against his account; he pays his own office, travel, and entertainment expense. In practice, he receives no detailed instruction from the company as to how his time shall be spent or the details of his work accomplished. His time is his own. This is understandable in view of the fact that, from the amount of his income, the wide area which is under his supervision and direction, and the many years with which

he has been associated with the company, it is apparent that he stands high in the company's hierarchy. In addition to this information, which presumably he furnished to the Internal Revenue Agent mentioned above who prepared his 1944 return, he likewise supplied an itemization of his expense, wherein he stated "I certify that these expenses incurred as an employee of D. W. Haering & Co., Inc. * * *", etc. (as he did in 1945). In view of these circumstances, I am unable to say that the Internal Revenue Agent erred in preparing the return as though Mr. Snyder were an employee.

■ If it be assumed, however, that such an error was made in 1944, was the plaintiff thereupon entitled to continue the error indefinitely in the future? I think not. He is charged with knowledge of the pertinent statutory provisions. As every taxpayer knows, certain changes are made in the law, the regulations, and the manner of calculation of the tax from year to year, and with each income tax blank the taxpayer is furnished with instruction sheets which certainly are not wanting in fullness. If the contest were over the 1944 return, plaintiff might make a strong argument that he should not be held accountable for an error of the agent who prepared it, but I am able to see little merit in such an argument concerning a tax for succeeding years.

■ Likewise, I am of the opinion that the Government would not be estopped by conduct of this fashion by an employee of this grade. Without going into the many cases touching the question if, and under what circumstances, the sovereign may, through the conduct of its agents, be estopped or held to have waived its rights;[1] and conceding, arguendo, that certain governmental officers, vested with sufficient authority, may commit the Government to a position from which it may not recede with impunity, it is to my mind perfectly clear that such was not the case here.

1. For example, see Munro v. U. S., 303 U. S. 36, 58 S.Ct. 421, 82 L.Ed. 633; Anderegg v. U. S., 4 Cir., 171 F.2d 127; Rodinciuc v. U. S., 3 Cir., 175 F.2d 479.

Being of the opinion that the plaintiff is bound to an election under the terms of Section 23(aa) (3), it is not necessary to determine the first and third issues mentioned in earlier paragraphs hereof, namely, whether the claim was timely filed and whether, if not held to an election, plaintiff would otherwise be entitled to the relief which he seeks.

Judgment will go for the defendant.

The foregoing is adopted as Findings of Fact and Conclusions of Law. Clerk will notify counsel, who will present order within ten days.