## STEAD v. UNITED STATES.

United States District Court
S. D. New York.

May 30, 1953.

Bobowick & Bobowick, New York City, for libellant, Norman Bobowick, New York City, of counsel.

J. Edward Lumbard, Jr., U. S. Atty., New York City, McNutt & Nash, Sp. Counsel, New York City, Robert S. Blanc, Jr., New York City, of counsel, for respondent.

WEINFELD, District Judge.

Libelant originally brought an action in 1947 against the general agent to recover for her decedent's death. The action was dismissed following the ruling in the McAllister case on the ground that the United States was the proper defendant. Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692. Thereafter, on December 10, 1951, she timely filed a libel against the United States of America pursuant to the amendment to the Suits in Admiralty Act, which followed the McAllister ruling.[1] A copy of the libel was served on the United States Attorney for this district and a copy also was sent by registered mail to the Attorney General of the United States and a sworn return of such service and mailing filed. 46 U.S.C.A. § 742. Thus jurisdiction over respondent was properly acquired.

The United States Attorney appeared generally on behalf of the government as respondent and excepted to the libel on several grounds: that it failed to state a cause of action within the jurisdiction of this court under Public Law 877 in that it failed to allege that a suit was brought against a specified agent of the government and thereafter, prior to the filing of the libel, such suit was dismissed solely because

1. Public Law 877, 81st Congress, 46 U.S.C.A. § 745.

726

it had been brought against the wrong party; and that it did not allege when the injury occurred, or the capacity in which the deceased was employed on board the vessel.

The exceptions came on to be heard on September 16, 1952, and were sustained,[2] with leave to libelant to serve an amended libel alleging the jurisdictional requirements.[3] Thereafter, on October 9, 1952, an amended libel was filed and a copy served on the United States Attorney. Libelant did not serve a copy of the amended libel by registered mail upon the Attorney General and failed to file a sworn return of such service and mailing. The government's position here is that the amended libel had to be served upon both the United States Attorney and the Attorney General in the same manner as an original libel in accordance with 46 U.S.C.A. § 742. Accordingly, it urges, amongst other grounds, that the amended libel be dismissed for want of jurisdiction because of failure to comply with 46 U.S.C.A. § 742.

I hold this contention to be without merit. The original libel was timely commenced and validly served both upon the United States Attorney and the Attorney General and no jurisdictional claim was then made with respect to such service. Having appeared generally, any amended libel thereafter authorized by the court could properly be served upon the United States Attorney who had so appeared. I am unaware of any authority which holds that where service is properly made in the first instance and thereafter leave is given to serve an amended pleading, service of such amended pleading upon the attorney who appeared is insufficient but must be made upon the litigant in the same manner as originally required to obtain jurisdiction over the person. If respondent's contentions were upheld, it would mean in this case, for example, that if the exceptions to the original libel, which as noted was timely filed and validly served, were sustained after December 13, 1951

(the limitation date under Public Law 877), leave to amend would be abortive.

Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633, relied upon by the government, is not in point. The petitioner there did not acquire jurisdiction under original process—a situation totally unlike the instant case. .

The other exceptions likewise are without merit. The libel, contrary to respondent's assertion, is verified. The contention that the allegations referred to in the exceptions are ambiguous, I likewise find to be without merit.

Exceptions are overruled. Settle order on notice.

---

2. But see Merlino v. United States, D.C., 104 F.Supp. 817.

3. It is conceded that the order dismissing the libel inadvertently stated that the exceptions were sustained on the ground that the libelant failed to comply with the statutory requirements for service.