**UNITED STATES v. CHRISTENSEN.**
**No. 4652.**

United States Court of Appeals
Tenth Circuit.

Oct. 31, 1953.

Russell Chapin, Washington, D. C., Robert E. Shelton, U. S. Atty., Harry G. Foreman, Asst. U. S. Atty., Oklahoma City, Okl., Warren E. Burger, Asst. Atty. Gen., D. Vance Swann, Atty. Dept. of Justice, Harold H. Fischer, Atty. Dept. of Justice, Washington, D. C., for appellant.

Otis D. James, Howard E. Duncan, Charles D. Scales, Oklahoma City, Okl., for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Irene Christensen brought this action to recover as the beneficiary of a $5000 National Service Life Insurance Policy issued on the life of her son, Eugene Lee Gustin. The complaint alleged that the son disappeared on or about August 29, 1944 while serving on a United States Naval vessel. It was also alleged that the disappearance was complete for more than seven years, and that the insured was presumed to be dead. The United States in its answer admitted that a claim had been filed by the plaintiff; denied that the claim had been rejected; and, among other defenses, alleged that no disagreement existed between the parties which would give the court jurisdiction. Upon trial to the court without a jury, a judgment for the amount of the

policy was entered in favor of the plaintiff. The United States has appealed.

On October 1, 1942 the policy in question was issued to Eugene Lee Gustin and premiums were paid through August 31, 1944. On or about August 31, 1944, the insured who was serving on the Naval vessel U. S. S. Lamar, failed to report for duty and missed her sailing from Pearl Harbor. He has not been heard of since that date. On September 30, 1944 the Navy Department declared the insured to be a deserter. On December 10, 1951, plaintiff's attorney wrote the Veterans Administration and enclosed a photostatic copy of the certificate of insurance. The letter stated that the insured was presumed to be dead because of the lapse of seven years after his disappearance, and that unless payment was forthcoming, suit would be instituted on the policy. This is the only claim which is shown in the record. On February 21, 1952, the Veterans Administration wrote the plaintiff's attorney, and advised him that, "Since no official report of death of Eugene L. Gustin has been received from the Service Department, or any other sources, no information may be given as to whether death benefits are payable. As the records are confidential, the same may not be disclosed until such report has been received in this office." On February 28, 1952, the Veterans Administration again wrote the plaintiff's attorney and advised him that an official report of the insured's death had been requested from the Service Department on January 17, 1952, and that upon its receipt he would be further informed. Suit was filed on March 11, 1952. The trial court found that there was a bona fide disagreement between the parties at the time the suit was filed.

 The statute authorizing actions to recover on National Service Life Insurance Policies limits the right to cases where there has been a disagreement as to a claim. 38 U.S.C.A. § 445. It is settled law that the United States may be sued only in cases clearly within the authorizing statute and the courts may not extend the waiver of immunity from suit beyond the letter of the authority given by the statute. Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 82 L.Ed. 633; United States v. Fitch, 10 Cir., 185 F.2d 471; United States v. Journey, 10 Cir., 82 F.2d 772. In an action to recover on a National Service Life Insurance Policy, a disagreement is jurisdictional and a valid judgment may not be obtained without such disagreement. United States v. Rasmussen, 10 Cir., 95 F.2d 842; Leyerly v. United States, 10 Cir., 162 F.2d 79; United States v. Journey, supra; McLaughlin v. United States, 10 Cir., 74 F. 2d 506. A disagreement arises only when a claim has been properly filed with and rejected by the Veterans Administration. Leyerly v. United States, supra; Wilson v. United States, 10 Cir., 70 F.2d 176; 38 U.S.C.A. § 445.

 It is clear from the record that the Veterans Administration has not rejected plaintiff's claim. Since there was no disagreement, the court was without jurisdiction to consider the case.

The judgment is reversed and the case is remanded with instructions to dismiss the complaint without prejudice.