**Elena Santiago Vda. DECLET,**
Petitioner,

v.

**VETERANS ADMINISTRATION,**
Respondent.

Civ. No. 8915.

United States District Court,
D. Puerto Rico, San Juan Division.

March 31, 1955.

Jose T. Marrero Rivera and Ciro Malatrasi, Jr., San Juan, Puerto Rico, for plaintiff.

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, Puerto Rico, for defendant.

RUIZ-NAZARIO, District Judge.

Defendant's motion to dismiss must be granted.

In the first place, the only named defendant "Veterans' Administration" is not a suable entity, because Congress has not constituted this agency a body corporate or authorized it be sued as such. Mitchell v. United States, D.C., 111 F. Supp. 104, 105. See also Blackmar v. Guerre, 342 U.S. 512, 515–516, 72 S.Ct. 410, 96 L.Ed. 534.

In the second place because, even if the action were brought against the Administrator of Veterans' Affairs.

or against the United States of America, this court would have no jurisdiction to entertain the same:

A—As against the former:

(1) Because the granting of the relief prayed for in this action would entail supplementary remedies in the nature of a writ of mandamus, involving the exercise of original jurisdiction which has never been granted to the United States District Courts outside of the District of Columbia, and which the court does not now possess. Birge v. United States, D.C., 111 F.Supp. 685, 689; Mitchell v. United States, supra; Petrowski v. Nutt, 9 Cir., 161 F.2d 938, certiorari denied 333 U.S. 842, 68 S.Ct. 659, 92 L.Ed. 1126.

(2) Because said officer can only be sued in his official capacity in the District of Columbia where he maintains his official headquarters. Birge v. United States, supra; Mitchell v. United States, supra; Klein v. Hines, D.C., 1 F.R.D. 649.

B. As against the United States, because the Congress has not waived the government's sovereign immunity from suit with respect to the subject matter of this action, it being axiomatic that the United States cannot be sued without express statutory consent and that the consent statute must clearly authorize litigation against it. Delehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427; Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152; Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633.

■ And lastly, because plaintiff's claim is exclusively concerned with a Congressional gratuity granted by the Servicemen's Indemnity Act of 1951, 38 U.S.C.A. § 851 et seq., which is an Act "administered by The Veteran's Administration", and judicial review of the decisions of the Administrator is prohibited, except as to disagreements relative to claims arising *under contract,* premium-paying insurance, plaintiff not having alleged in the complaint that her claim here in any way arose from con-

tract it rather appearing therefrom, as a fact, that said claim is derived from said Congressional gratuity. See Brewer v. United States, D.C., 117 F.Supp. 842, and United States v. Houston, 6 Cir., 216 F.2d 440.

It is accordingly ordered that the complaint be, as it is hereby, dismissed.