HUNTINGTON STEEL CORP., Plaintiff,

v.

UNITED STATES of America, Defendant (two cases).

United States District Court
S. D. New York.
July 10, 1957.

Harry M. Krokow, New York City, for plaintiff.

Paul W. Williams, U. S. Atty. for the Southern Dist. of New York, New York City, for defendant, James R. Lunney, Asst. U. S. Atty., New York City, of counsel.

LEVET, District Judge.

In each of the above actions the defendant has moved for an order dismissing the complaint for failure to state a claim upon which relief can be granted or for an order making the complaint more definite, pursuant to Rules 12(b) (6) and 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The complaints are similar and in effect seek to recover certain amounts which the plaintiff paid to the defendant for two fifteen ton Ederer overhead electric cranes purchased by plaintiff from the War Assets Administration on February 28, 1947 (Civil Action No. 114–190) and May 15, 1947 (Civil Action No. 114–189).

Plaintiff-purchaser alleges that the property involved in these sales was paid for but that the cranes were never delivered by the defendant-government. The government moves to dismiss the respective complaints and for judgments on the ground that the actions were not commenced within six years after plaintiff's right of action accrued.

Section 2401(a) of Title 28 U.S.C.A. provides as follows:

*"Time for commencing action against United States*

"Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases."

The only dates alleged in the complaints are the dates on which plaintiff agreed to make the purchases, to wit, February 28, 1947 and May 15, 1947, respectively. The aforesaid dates are also given for the delivery of the check in each case. Each complaint also alleges a request by plaintiff for delivery of the crane and the government's failure and refusal to do so; the government's sale of the crane to a third party, and plaintiff's demand for the return of its check, all without date. The actions were instituted on or about October 31, 1956.

Various correspondence took place between the plaintiff and officers of the government and the plaintiff's attorney, Harry M. Krokow. The government's letters were signed by various officials, including John J. Joss, Acting General Counsel of the War Assets Administration, Eugene T. Brennan, Regional Counsel, J. E. Moody, Assistant General Counsel, Charles W. Gasque, Jr., Assistant General Counsel, and Sidney S. Palmer, Chief, Civil Claims Section.

Plaintiff contends that the cause of action did not accrue until September, 1956, at the time of the government's rejection of payment, and that since there was no statement in the agreement of purchase and sale of the cranes as to the time of delivery of the cranes to the plaintiff, no cause of action could arise until the defendant refused to make delivery and repayment.

■ Section 2401(a) of Title 28 U.S.C.A. in effect creates a jurisdictional prerequisite to suit. As stated in Edwards v. United States, 9 Cir., 1947, 163 F.2d 268:

"The United States may not be sued without its consent and where permission is granted suits against it 'can be maintained only * * * in the manner prescribed and subject to the restrictions imposed.' Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 423, 82 L.Ed. 633. 'Jurisdiction is not a matter of sympathy or favor. The courts are bound to take notice of the limits of their authority, * * *.' Reid v. United States, 211 U.S. 529, 539, 29 S.Ct. 171, 172, 53 L.Ed. 313.

* * * * * *

"The six year limitation is jurisdictional. Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633; Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128. * * *" 163 F.2d at page 269.

Consequently, the complaint must allege facts sufficient to show this jurisdiction.

■ Even though the statute barring the claim had not been pleaded by the government, the action would be dismissed for want of jurisdiction where the suit was not brought within six years from the date the right of action first accrued. See Werner v. United States, D.C., 10 F.R.D. 245, affirmed 9 Cir., 1951, 188 F.2d 266.

In United States ex rel. Rauch v. Davis, 1925, 56 App.D.C. 46, 8 F.2d 907, certiorari denied 270 U.S. 653, 46 S.Ct. 352, 70 L.Ed. 782, the Court of Appeals wrote:

"* * * It is also true that, since the United States can be sued only with the consent of Congress, the conditions imposed by Congress in respect to such actions must be strictly followed. McElrath v. United States, 102 U.S. 426, 440, 26 L.Ed. 189; Schillinger v. United States, 155 U.S. 163, 166, 15 S.Ct. 85, 39 L.Ed. 108; Price v. United States, 174 U.S. 373, 375, 19 S.Ct. 765, 43 L.Ed. 1011; Davis v. Donovan, 265 U.S. 257, 263, 44 S.Ct. 513, 68 L.Ed. 1008. And, where the congressional consent specifies the time

within which such actions may be brought, the provision operates as a condition of liability, not merely as a period of limitation. Finn v. United States, 123 U.S. 227, 233, 8 S.Ct. 82, 31 L.Ed. 128; Davis v. L. L. Cohen & Co., 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129." 8 F.2d at page 909.

For all that appears in the complaints, the causes of action arose on February 18, 1947 and May 15, 1947 respectively. In the light of the foregoing principles with respect to the jurisdictional prerequisites of suit against the government, it does not appear that these actions are within the six year period required in Section 2401(a) of Title 28 U.S.C.A. and, therefore, the complaints are insufficient on their face.

The plaintiff, however, contends that there has been a tolling of the statute by reason of the correspondence received from the government officials above mentioned. As a matter of fact, none of these letters admitted or promised to pay the claim. The requirements in reference to acknowledgement demand that the acknowledgement should contain an unqualified and direct admission of a previous debt and express a willingness to pay it. See Shurter v. Ricker, 5 Cir., 1932, 62 F.2d 489, 492, certiorari denied 289 U.S. 732, 53 S.Ct. 593, 77 L.Ed. 1481; Cross v. United States, 4 Ct.Cl. 271, 279.

However, this defendant is not a private party. It has been stated that:

"A new promise or its equivalent made by congress will remove the bar of the statute as to a claim against the United States, but acknowledgments and promises made by executive officers of the government without express or clearly implied authority from congress will not operate to suspend the statute or revive a claim against the government." 54 C.J.S. Limitations of Actions § 318, p. 404.

In Leonard v. United States, 18 Ct.Cl. 382, the court stated:

"* * * Neither the heads of Departments nor any other executive officers constitute the United States as a political organization and power, and their acknowledgments and promises are not binding on the defendants except where they are made under express or implied authority of acts of Congress. In Pierce v. United States (7 Wall. 666, 19 L.Ed. 169, and 7 Ct.Cl.R. 65) it was held by the Supreme Court that where the Secretary of War had accepted drafts drawn on his Department without authority of law, the United States were not bound by his acceptance and promise." 18 Ct.Cl. at page 384.

Consequently, each of the above motions is granted, with leave, however, to plaintiff to serve an amended complaint within ten days after service of the order herein with notice of entry, alleging facts sufficient to satisfy the jurisdictional requisites, if such can be done.

Settle orders on notice.