**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-50791
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARLOS HERRERA-MIRANDA, also known as Carlos Gabriel Herrera

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-927-ALL

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Carlos Herrera-Miranda (Herrera) appeals the 71-month sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. Herrera contends that his sentence was greater than necessary to accomplish the goals of sentencing listed in 18 U.S.C. § 3553(a)(2) because his motive for committing the offense and his personal history and characteristics made his "situation unique, despite his regrettable criminal history." Herrera concedes that this court ordinarily applies a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presumption of reasonableness to within-guidelines sentences. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *Rita v. United States*, 127 S. Ct. 2456, 2462-68 (2007). Herrera argues for the first time on appeal, however, that his sentence is not entitled to the presumption because the guideline for illegal reentry, U.S.S.G. § 2L1.2, is not empirically supported as required by *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2007).

In reviewing a sentence, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Herrera did not challenge § 2L1.2 in the district court on the basis that the guideline was not supported by empirical data. We therefore review this argument for plain error. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

The question in *Kimbrough* was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564 (internal quotation marks and citation omitted). *Kimbrough* does not address the applicability of the presumption of reasonableness. Moreover, *Campos-Maldonado* supports the continued applicability of the appellate presumption to § 2L1.2 sentences. *See Campos-Maldonado*, 531 F.3d at 338-39. The district court considered Herrera's sentencing arguments and imposed a sentence at the top of the advisory guidelines range based on his extensive criminal history. Herrera's sentence is entitled to a rebuttable presumption of reasonableness. *See Campos-Maldonado*, 531 F.3d at 338; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Because Herrera has not shown that his sentence is unreasonable, he has not shown error, plain or otherwise. The district court's judgment is AFFIRMED.